BIGELOW, Respondent, vs. SICKLES and another, Appellants.

*May 12 — June 3, 1891.*

*Malicious prosecution: Evidence: Probable cause.*

1. In an action for malicious prosecution on a charge of adultery, such prosecution having been based, in part at least, on what the defendants had been informed took place at a certain picnic, evidence was admissible on behalf of the plaintiff to show that nothing occurred on that occasion which justified or constituted probable cause for the prosecution.

2. A witness for the plaintiff, who had testified that during said picnic the plaintiff and others were in a tobacco shed while it rained, and that the plaintiff's husband came in and spoke to her, was asked, "What did he say to her?" An objection to the question was sustained, but the witness was "swift" and answered, giving the abusive language used by the husband. *Held,* that there was no error, the defendants not having moved to strike out the answer.

3. Upon the objection to such question, the trial court ruled that the plaintiff might "show what took place there." *Held,* that this was virtually sustaining the objection and suggesting the proper question, viz., "What took place there?"

4. The judgment of a justice of the peace discharging a person on the examination upon a criminal complaint, is *prima facie* evidence against the complainant of want of probable cause for the prosecution.

APPEAL from the Circuit Court for *Walworth* County. The facts are sufficiently stated in the opinion. There was a verdict in favor of the plaintiff, assessing her damages at $5,000, and from the judgment thereon the defendants appeal.

For the appellants there were briefs by *Winkler, Flanders, Smith, Bottum & Vilas,* of counsel, and *Kirkland & Grimm,* attorneys, and oral argument by *R. B. Kirkland.* They contended, *inter alia,* that the trial court erred in admitting evidence of the conversations between the plaintiff and her husband, and of the conversation and conduct of the husband toward the plaintiff and others within hear-

ing, in the absence of the defendants. *R—— v. M——*, 21 Wis. 50; *King v. Colvin*, 11 R. I. 582; *Cecil v. Clark*, 17 Md. 508. The judgment of the justice, discharging the plaintiff from arrest, was not *prima facie* evidence of want of probable cause for the arrest, in this action. *Winn v. Peckham*, 42 Wis. 499; *Skidmore v. Bricker*, 77 Ill. 164; 2 Phil. Ev. 50 (Cowen, H. & E. note, 273); Starkie, Ev. pt. II, pp. 182, 184; Id. pt. IV, p. 913; *Stewart v. Sonneborn*, 98 U. S. 187, 195; *Israel v. Brooks*, 23 Ill. 575; *Thorpe v. Balliett*, 25 Ill. 339; *Comisky v. Breen*, 7 Ill. App. 369; *Stone v. Crocker*, 24 Pick. 81; *Kidder v. Parkhurst*, 3 Allen, 393; *Thompson v. Beacon V. Rubber Co.* 56 Conn. 493; *Staub v. Van Benthuysen*, 36 La. Ann. 467; *Bitting v. Ten Eyck*, 82 Ind. 421; *Adams v. Lisher*, 3 Blackf. 445; *Bell v. Pearcy*, 11 Ired. 233; *Scott v. Simpson*, 1 Sandf. 601; *Roberts v. Bayles*, id. 47; *Ullman v. Abrams*, 9 Bush, 738; *Sweeney v. Perney*, 40 Kan. 102; *Williams v. Vanmeter*, 41 Am. Dec. 644; *Griffin v. Chubb*, 7 Tex. 614; *Heldt v. Webster*, 60 Tex. 207.

For the respondent there was a brief by *Rogers & Hall* and *Geo. W. Bird*, and oral argument by *F. W. Hall*. To the point that the testimony as to plaintiff's conduct and whereabouts at the picnic and her husband's statements to her at the time respecting it, was competent, they cited, besides cases cited in the opinion, *Adams v. Lisher*, 25 Am. Dec. 102; *Newton v. Weaver*, 13 R. I. 616; *Reisan v. Mott*, 42 Minn. 49; *Long v. Rogers*, 17 Ala. 540; *Pitts v. Burroughs*, 6 id. 733; Cooley, Torts, 181–2; *Shaul v. Brown*, 28 Iowa, 37; *Lunsford v. Dietrich*, 86 Ala. 250; *Shannon v. Jones*, 76 Tex. 141; Addison, Torts, 743; *Young v. Lyall*, 5 N. Y. Supp. 11; *Woodworth v. Mills*, 61 Wis. 44; *Williams v. Vanmeter*, 8 Mo. 339; 2 Greenl. Ev. secs. 454–5.

ORTON, J. This action is brought by the plaintiff against the defendants for malicious prosecution in making and

Bigelow vs. Sickles and another.

procuring to be made a complaint on oath before a justice of the peace, charging her, by the name of *Clara Robbins Sickles*, with having committed adultery. The defendant *B. Z. Sickles* denied only the malice, want of probable cause, and intent to injure, and alleged good faith and honest belief and good reason to believe the charge was true, and that he had been so informed, and that her general reputation for chastity was bad. The defendant *Zachariah Sickles* made the same denials and allegations, and, in addition thereto, that he had nothing to do with the prosecution. It appears that the plaintiff was formerly the wife of John Sickles, the brother of *B. Z. Sickles* and son of *Zachariah;* and from the testimony admitted to show the malice of the defendants it appears that she had been for a long time the subject of their outrageous bad treatment and abuse, to an extent which it is not necessary or proper to mention beyond this general statement.

The jury found a verdict for the plaintiff of $5,000; and it may as well be said here, in answer to the last point made in the brief of the learned counsel of the appellants, that we think the verdict was warranted by the testimony, and is not excessive in amount. The testimony is very voluminous, and there is no occasion for reviewing or making any statement of it on any question going to the merits of the case, and we shall therefore confine ourselves to the assignments of error.

1. It seems that the adultery charged was mainly located at the place and on the occasion of a certain picnic at the house of the witness Charles Woelfer, in the town of Deerfield, about the 1st of September, 1886, and the said witness was asked as to the plaintiff's conduct, situation, and circumstances while at and about said picnic, in order to show that she was not guilty of the act charged, at least on that occasion. The offer of this testimony was objected to by the learned counsel of the appellants, on the ground

that the plaintiff's guilt or innocence was not at issue in. the case. The court held that it was proper to offer such proof, it appearing that the transactions at that picnic were the foundation of at least part of the testimony on the examination before the justice. The husband of the plaintiff, John Sickles, was at the picnic, and knew something of the conduct of his wife on that occasion. The defendants state in their answer that *B. Z. Sickles* was informed by divers persons that the plaintiff was guilty of the charge, and if, in their defense, the grounds of the charge were in part what occurred at that picnic, they must have been informed of it. The defendant *B. Z. Sickles* testified that he was informed, at least in part, of what occurred there. This evidence scarcely raises the question whether it was proper for the plaintiff to prove her innocence. It was, to the extent offered and admitted, proper to show that nothing occurred at the picnic of a suspicious character, or that constituted probable cause for the complaint. It was incumbent on the plaintiff to prove a want of probable cause, and if her offense was located, even in part, as seems to have been the case, at or about that picnic, or confined to that occasion, she must go there to show the want of probable cause, and show, if she can, that nothing occurred on that occasion to justify or excuse the prosecution. This would seem to be directly within the issue. But the testimony offered may have been proper even to prove negatively that the plaintiff was innocent of the charge. It is proper for the defendant to introduce evidence tending to show that the plaintiff was guilty of the charge, both in proof of probable cause and in mitigation of damages, and without proof that he was informed of the testimony before he made the charge. *Bacon v. Towne*, 4 Cush. 217; *Bell v. Pearcy*, 5 Ired. 83; *Plummer v. Gheen*, 14 Am. Dec. 572; 1 Hill. Torts, 471. The guilt of the plaintiff being a proper issue for the defendant, there appears no good reason why the plaintiff

may not rebut such evidence given or anticipated, and show that she was innocent of the charge; and, if the defendant may do this without showing any previous knowledge of the testimony, why may not the plaintiff? But it seems to be held in the cases cited by the learned counsel of the appellants, that such evidence is proper for the plaintiff if the defendants had knowledge of it before they commenced the prosecution. *Cecil v. Clarke*, 17 Md. 508; *King v. Colvin*, 11 R. I. 582. The prosecution seems to have been based, in part at least, on what the defendants had been informed took place at the picnic, and the defendant *B. Z. Sickles* testified that one Timothy O'Herrin told him that he was at the picnic, and saw the plaintiff and Tony Hoover together under very suspicious circumstances in Woelfer's barn. This certainly put the defendant on inquiry of the plaintiff's conduct at the picnic generally, and it may properly be inferred that he was informed of it. This would make the evidence offered admissible, according to the position assumed by the learned counsel of the appellants.

2. The witness Charles Woelfer testified that the plaintiff was at the picnic, and at one time she was in a tobacco-shed while it rained, with others; and her husband, John Sickles, came in and spoke to her. The witness was then asked by the plaintiff's counsel: "What did he say to her?" This was objected to by the defendants' counsel. The court ruled that the plaintiff's counsel "may show what took place there." This ruling was excepted to by the defendants' counsel. This must have been understood to mean what took place between the plaintiff and others, with a view of showing that nothing improper took place, so far as the plaintiff was concerned, as the court had already ruled that the transactions at the picnic were proper to be shown with that view. It follows, therefore, that the court virtually sustained the objection to the question asked, and suggested the proper question: "What took

Bigelow vs. Sickles and another.

place there?" But the witness volunteered to answer the question as put by the counsel, rather than to answer the question as modified by the court, and he answered: "Well, he says: 'You G——d d——n w——e! What are you doing in here amongst all these men?' and he kind of made towards her, and she cried, and says she had come out of the rain." This is claimed by the learned counsel of the appellants to be such an error as ought to cause a reversal of the judgment. Besides its immateriality, the learned counsel contend that this improper answer was responsive to the question, and was calculated to prejudice the jury against the defendants, they being the father and brother of the plaintiff's low and brutal husband, and by showing that hatred and abuse of the plaintiff were the characteristics of the whole family. The answer, as well as the original question, was clearly improper. What the husband said on that occasion had nothing to do with the conduct of the plaintiff in respect to the crime charged, and it can easily be seen how the plaintiff's counsel could use this answer as a make-weight before the jury. There was already too much testimony of this husband's abusive treatment of his wife, the plaintiff, to be justified, except as being connected with that of the defendants, without adding to it this horrible instance of it occurring in the absence of the defendants. But this was not the error of the court. The court ruled correctly. The plaintiff's counsel ought to have withdrawn or modified the question, and perhaps they intended to do so, and would have done so if the witness had not been *swift* to answer it. But the defendants' counsel omitted to obtain a ruling of the court upon the answer. The court ruled upon the question correctly, by suggesting a proper one. That was excepted to, but it was no error. We think that the conditions were such as to impose upon the defendants' counsel the duty to ask the court to strike out the answer, and, if that motion had been denied, it

would have been an error of which they might have cause to complain.

3. The court instructed the jury that "the judgment of the justice discharging the plaintiff on the examination is *prima facie* evidence of want of probable cause, but it is not conclusive on the subject, and you are to determine the question, considering that fact and all the other evidence bearing on the question," etc. This is assigned as error. The learned counsel of the appellants contend that, although it is proper to introduce the judgment to show the end of the prosecution as a condition precedent to the action, yet it ought not to be used to their disadvantage in the action, in violation of the maxim *res inter alios acta alteri nocere non debet*, as it was in a proceeding between the state and the plaintiff, in which the defendants were neither parties in fact nor in interest or privies, and should therefore not be used as evidence in a civil action between themselves and the plaintiffs to prove any issuable fact against them, such as a want of probable cause for instituting the prosecution.

The rule of this most venerable and useful maxim cannot have full application to a prosecution before an examining magistrate in this state. The defendant in this suit was the sole complainant who set the prosecution on foot against the plaintiff, and who had the right to produce the witnesses, and the issue was "probable cause for charging the prisoner with the offense;" and the judgment of discharge is based upon a "want of probable cause;" and, if "the complaint was wilful and malicious and without probable cause," the justice may "enter judgment against the complainant for all the costs of the proceeding, including witness fees." Sec. 4791, R. S. The defendant could scarcely be treated as a stranger to that proceeding and judgment. The justice may adjudicate the same issues that are involved in this case,— wilful and malicious prosecution with-

out probable cause,— and enter a money judgment against the defendant. Why then should not the same judgment be at least *prima facie* evidence against him of want of probable cause in this action? This is a very different case from that contemplated by the above maxim. It seems to me that there is very strong reason for giving the judgment such an effect in this action. The maxim would have much greater application to a judgment of acquittal after the trial of the plaintiff on indictment or information. The defendant would be much more a stranger to such a proceeding than to such a prosecution before an examining magistrate, and the judgment would not determine the same issues. In the former, it is guilty or not guilty; and in the latter, probable cause or the want of it. In this action the plaintiff must prove want of probable cause, and malice of the defendants in instituting the prosecution. In that case both of these issues were tried and found against them and there was both a judgment of discharge and one against the complainant for the costs, according to the above statute. If the defendant was not strictly a party to that proceeding, he was at least privy to and interested in it.

But we think that the authorities preponderate in favor of the introduction of the judgment of discharge, both as evidence that the proceedings were ended, and as *prima facie* evidence of a want of probable cause. Most of the cases cited by the learned counsel of the appellants were of trials and acquittals, and therefore not in point. The briefs on both sides on this question are especially able, learned, and exhaustive. The most creditable elementary works agree upon the proposition that "the discharge of the plaintiff by the examining magistrate is *prima facie* evidence of the want of probable cause, sufficient to throw upon the defendant the burden of proving the contrary." 2 Greenl. Ev. § 455; Cooley, Torts, 184; 1 Am. Lead. Cas. 268. The following authorities cited in respondent's brief

Bigelow vs. Sickles and another.

sustain the proposition with such cogent and sufficient reasons as to commend them to our judgment: *Vinal v. Core*, 18 W. Va. 42; *Nicholson v. Coghill*, 6 Dowl. & R. 13; *Frost v. Holland*, 75 Me. 112; *Jones v. Finch*, 84 Va. 204; *Johnston v. Martin*, 3 Murph. (N. C.), 249; *Bostick v. Rutherford*, 4 Hawks (N. C.), 83; *Plummer v. Gheen*, 3 Hawks (N. C.), 68; *Sappington v. Watson*, 50 Mo. 83; *Brant v. Higgins*, 10 Mo. 728; *Casperson v. Sproule*, 39 Mo. 39; *Sharpe v. Johnston*, 76 Mo. 670, 59 Mo. 557; *Straus v. Young*, 36 Md. 254; *Cooper v. Utterbach*, 37 Md. 282; *Cockfield v. Braveboy*, 39 Am. Dec. 124; *Griffin v. Chubb*, 58 Am. Dec. 92; *Williams v. Vanmeter*, 41 Am. Dec. 647; *Johnson v. Chambers*, 10 Ired. 287; *Williams v. Norwood*, 2 Yerg. 329; *Bornholdt v. Souillard*, 36 La. Ann. 103; *Plassan v. Lottery Co.* 34 La. Ann. 246.

It is unnecessary to review the authorities cited in appellants' brief. Some of them sustain the contention of the learned counsel of the appellants, that the judgment of discharge of the plaintiff by the examining magistrate is not even *prima facie* evidence of want of probable cause; but we cannot concur in the reasons given. One of the reasons given is that there is no solemnity, certainty, or conclusiveness of such a judgment of an ordinary justice, who is likely to be ignorant or prejudiced. The law presumes the justice both capable and honest, and his judgment in such a case is as conclusive as that of any other court within his jurisdiction. It would hardly do to test the conclusiveness of the judgments of other courts by the same rule of criticism of the judges.

We must hold, therefore, that the above instruction of the court to the jury, that "the judgment of the justice discharging the plaintiff on the examination is *prima facie* evidence of want of probable cause," was correct, and is sustained by reason and the better authorities.

*By the Court.*— The judgment of the circuit court is affirmed.