Eggett, Respondent, vs. Allen, Appellant.

*September 29—December 11, 1903.*

*Malicious prosecution: Evidence: Conclusiveness of decision on former appeal: Instructions to jury: Probable cause: Malice: Court and jury: Punitory damages: Excessive damages.*

1. In an action for malicious prosecution of plaintiff on charges of obtaining money under false pretenses and of embezzlement, plaintiff claimed that the prosecutions were instituted for the sole purpose of collecting the money due under a contract for the sale of land to him by defendant, and hence were malicious. *Held*, that evidence that after the prosecutions a man placed upon the land by defendant forbade plaintiff to go thereon, was admissible as throwing light upon defendant's motives in the prosecution.

2. A decision of this court upon a former appeal, upon substantially the same record, that the exclusion of certain evidence, if erroneous, was not prejudicial, is the law of the case on the second appeal.

3. In an action for malicious prosecution the reception in evidence of the justice's minutes of testimony taken on such prosecution was error, but not prejudicial where substantially all the facts contained in such minutes were either admitted or testified to without contradiction in the action.

4. Instructions that "probable cause is such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest or strong suspicion that the person arrested is guilty," and that "mere belief of guilt, however strong, sincere, and honest, will not constitute probable cause, unless founded on circumstances sufficient to warrant it," are approved.

5. Whether a prosecution is malicious or not is a mixed question of fact and law. If the jury find that the prosecution was begun for a vindictive, ulterior, or unlawful purpose, the law then says that there was legal malice, and if the jury also find lack of probable cause the cause of action is complete.

6. The discharge of defendant in a criminal prosecution because of a lack of evidence to convict is *prima facie* evidence of want of probable cause for the prosecution, even though the magistrate did not certify to that effect in his docket, nor render judgment against the complainant for costs, as permitted by sec. 4791, Stats. 1898, in such cases.

7. The court instructed the jury that though the signature to the criminal complaint might not be defendant's, yet if he counseled with his attorney and authorized the prosecution and took part in maintaining it he is liable; but that they might consider the question whether he signed the complaint, and whether he supposed the proceedings were tort or criminal in their nature, as bearing on the question of malice. *Held*, that any inaccuracy in limiting the effect of defendant's supposition as to the nature of the proceeding to its bearing on the question of malice, whereas it might also have a bearing on the question of probable cause, was cured by a subsequent instruction that the jury might consider what transpired between the defendant and his attorney, in deciding whether he acted maliciously and without probable cause.

8. Where the jury were charged, in effect, that there could be no recovery if the criminal prosecution was the unauthorized act of an agent of defendant, it was not error, in a subsequent instruction as to punitory damages, to omit to state that, if the prosecution was such unauthorized act, ratification thereof by defendant must be shown in order to charge him with punitory damages.

9. An instruction that under certain circumstances the jury were "authorized" to award punitory damages was strictly correct and did not carry the implication that such damages must be awarded; but it would have been better had the jury been more clearly informed that the matter was in their discretion.

10. Wantonness or an aggravated degree of malice is not necessary to justify an award of punitory damages for a malicious prosecution; but such damages may be given where plaintiff recovers at all, at least where the prosecution was begun or actively carried on by the defendant himself and was not the unauthorized or unratified act of an agent.

11. An award of $1,000 damages for malicious prosecutions upon charges of embezzlement and of obtaining money under false pretenses, is *held* not excessive.

APPEAL from a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

*R. J. MacBride,* for the appellant.

For the respondent there was a brief by *Chas. F. Grow* and *J. R. & C. R. Sturdevant,* and oral argument by *C. R. Sturdevant.*

The following opinion was filed October 20, 1903:

WINSLOW, J. This is an appeal from a judgment in favor of the plaintiff in an action for malicious prosecution. The complaint contained two counts—one for a prosecution for obtaining money under false pretenses, and the other for a subsequent prosecution for embezzlement. The action was once tried, and a judgment for the plaintiff was reversed by this court. 106 Wis. 633, 82 N. W. 556. Upon the second trial the jury returned a verdict for the plaintiff, assessing his damages at $300 upon the first cause of action, and $700 upon the second. The pleadings are the same as upon the former appeal.

A number of exceptions were taken, which will be discussed as far as seems necessary. The difficulties between the parties arose out of a real estate deal, March 30, 1896, by which *Allen* contracted in writing to sell to *Eggett* eighty acres of land for $1,350, of which $100 was paid down, and the balance was to be paid in annual instalments, running through five years; it being further agreed that sixty per cent. of the proceeds of any timber taken off the land by *Eggett* should be paid to *Allen*. There was evidence tending to show that *Eggett* cut considerable timber from the land during the following winter and did not pay any part of the proceeds to *Allen*. In March, 1897, *Allen,* learning this fact, consulted G. I. Follett, an attorney at Loyal, Clark county, and on the 23d day of March, 1897, a criminal complaint, purporting to be signed by *Allen,* was filed before G. W. Barker, a justice of the county, charging *Eggett* with having obtained the land contract on the false and fraudulent representation that he (*Eggett*) was more than twenty-one years of age, when in fact he was a minor. *Allen* denied having signed this complaint or having had anything to do with the prosecution thereof. The plaintiff's claim in the present case was that both of the prosecutions complained of were instituted by *Allen* for the sole purpose of collecting the money due from the sale of the timber cut on the

property by *Eggett,* and hence malicious.   In attempting to prove this element of malice, the plaintiff testified that after the second prosecution had ended *Allen* had a man on the land in question plowing, and that this man forbade him (*Eggett*) from going on the place.   Motion was made to strike out that part of the answer about the man forbidding *Eggett* going on the place, but the testimony was allowed to stand, and exception taken.   We can see no error in the ruling.   If *Allen* himself had forbidden the plaintiff from going on the place, it would certainly be admissible, as throwing some light upon *Allen's* motives in the prosecution; and, when it appeared by positive testimony that he (*Allen*) had placed a man on the place to cultivate it, we think that the act or statement of that man in refusing to allow *Eggett* on the place must also be admissible upon very familiar principles of agency.

The plaintiff was asked upon cross-examination whether he did not vote at the presidential election in November, 1896, and an objection to the question was sustained and exception taken.   Whatever our views of the relevancy of this question might be as an original proposition, it is sufficient now to say that the same objection was sustained upon substantially the same record, so far as this point is concerned, upon the former appeal, and the ruling was assigned as error, and this court held that, even if erroneous, the ruling was not prejudicial.   This settles the question for this case, and renders any discussion of it unnecessary. .

The plaintiff introduced the record of the justice in the embezzlement prosecution, and as a part of it the justice's minutes of the testimony taken, which consisted simply of the evidence of the defendant, *Allen.*   Objection was made to the reception of the minutes, but it was overruled, and this ruling is now claimed to be error.   Doubtless the ruling was erroneous.   If it became necessary to show what was

sworn to on that hearing, it should have been done by examination of the justice himself, or of some witness who heard it. *Zitske v. Goldberg,* 38 Wis. 216. However, there was no prejudicial error in admitting it. It was admitted that *Allen* did testify as a witness on that hearing, and all the facts which appear in the minutes were either admitted or testified to without contradiction on this trial, except the statement that *Eggett* was not apprenticed to the defendant, and we cannot regard this as of sufficient moment to be seriously considered as a ground of reversal.

We have found no prejudicial error in the remaining exceptions to rulings on evidence, and do not deem them of sufficient importance to review.

The court charged the jury on the subject of probable cause as follows:

"Probable cause has been defined to be such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty. . . . Whether the facts known to the defendant were such as to lead him, as a man of ordinary caution and prudence, to believe and entertain an honest and strong suspicion that plaintiff was guilty of either charge is submitted to the jury, to be decided as a question of fact."

Inasmuch as the foregoing definition was approved on the former appeal, there can be no question of its correctness so far as this case is concerned, nor do we see any fault to be found with it, even if the question were open for discussion. The radical difference between this definition and the one which was condemned on the former appeal is apparent at a glance.

In this connection the court also charged as follows:

"Mere belief of the defendant in plaintiff's guilt, however strong, sincere, and honest, will not constitute probable cause, unless founded on circumstances sufficient in reason to warrant it."

This, also, is attacked as erroneous, but it is manifestly correct and merely a corollary of the propositions previously cited.

Upon the subject of malice, the court charged as follows:

"Malice may consist of any motive other than a desire to bring a guilty party to justice. A prosecution is malicious when actuated by hostile or vindictive motive, provided there is also a lack of probable cause, as is hereinafter explained. A prosecution instituted wilfully and purposely, to gain some advantage to the prosecutor, or through mere wantonness, or carelessness, if it be at the same time wrong and unlawful within the knowledge of the actor, and without probable cause, is, in legal contemplation, malicious."

The court also repeated the substance of the foregoing propositions in different phraseology in other instructions, and it is claimed that these instructions are erroneous, in that the facts named do not constitute malice as matter of law, but that they are only evidence from which the jury may find or infer malice if they choose, and hence that the province of the jury was invaded by the instructions.

The instructions given were evidently taken from 19 Am. & Eng. Ency. of Law (2d ed.) 675, 676, and they correctly state the law as we understand it. If the criminal law be set in motion for the purpose of collecting a debt or compelling the delivery of property, or to accomplish some other ulterior and unlawful purpose, then it is begun maliciously as much as though inspired by hatred or revenge. Whether the prosecution in a given case be malicious or not is a mixed question of fact and law. The jury are to determine the question of fact, namely, whether it was begun for a vindictive, ulterior, or unlawful purpose, and when they decide that question in the affirmative the law steps in and says that in that case there was legal malice, and if the jury also find lack of probable cause the law then says that the cause of action is complete. Such was the purport of one of the instructions approved by this court in the case of *Spain v. Howe,*

25 Wis. 625, and we are not aware that the principle has been questioned since that time. It was approved in *Lueck v. Heisler,* 87 Wis. 644, 58 N. W. 1101, and the criticism of the last-named case in *Strehlow, v. Pettit,* 96 Wis. 22, 71 N. W. 102, in no wise affected this proposition.

It appears by the evidence that, in the first of the criminal prosecutions complained of, *Eggett* was discharged from custody because the evidence was not sufficient to convict, but no certificate was made that the complaint was wilful and malicious and without probable cause, nor was judgment for costs rendered against the complainant as permitted by sec. 4791, Stats. 1898. The court charged the jury that this discharge was *prima facie* evidence, though not conclusive, of want of probable cause, and this instruction was vigorously attacked. The respondent relies upon the case of *Bigelow v. Sickles,* 80 Wis. 98, 49 N. W. 106, in support of the instruction given. It is said, however, by appellant that the *Bigelow Case* was a case where the justice made the certificate of the presence of malice and want of probable cause, and hence that it is not applicable to the present case. It is true that the *Bigelow Case* might have been decided upon the narrow ground that the certificate aforesaid was made, but the difficulty is that the court did not so treat it, but, on the contrary, after reviewing the authorities on the effect of a simple discharge upon a preliminary examination, and recognizing that there was a conflict, deliberately adopted the broad doctrine that such a discharge was *prima facie* evidence of want of probable cause in all cases whether the certificate aforesaid was made or not. Whatever might be our opinion upon the question as an original proposition, we do not feel called upon to overrule that decision now. It was not shaken by the decision in *Cullen v. Hanisch,* 114 Wis. 24, 89 N. W. 900. It has doubtless been acted upon by trial courts many times since it was made, and we do not feel that there are any considerations so weighty in character as should compel

us to disregard the doctrine of *stare decisis.* If the legislature deems the rule unwise, it can easily change it.

The following instructions were given by the court:

"There is evidence tending to show that a Mr. Follett acted as attorney for the defendant in the proceedings before Mr. Barker. Of course, the defendant is liable if he either commenced these prosecutions himself or authorized and directed his attorney to do so, if in other respects the cause of action stated in the complaint is proved. . . . Now, even if the signature to this complaint is not defendant's, yet if the defendant was there counseling and advising the prosecution of the plaintiff, and taking part in maintaining the prosecution, he would be just as liable as if he signed the complaint. However, you may consider the question whether he signed the complaint, and what he supposed as to the nature of the proceedings, whether they were tort or criminal in their nature, as bearing on the question of malice."

Both of these instructions were excepted to, but we have been unable to see that they are in any wise erroneous. It is said that the last clause quoted is objectionable because limiting the effect of the supposition in *Mr. Allen's* mind as to the nature of the proceedings to its bearing on the question of malice, whereas it also had a bearing on the question of probable cause. Obviously, its most important bearing must be on the question of malice; but, even if it be conceded that it might also be considered on the question of probable cause, still this inaccuracy is cured by a subsequent portion of the charge, where the court informed the jury that they might consider what transpired between *Allen* and his attorney, Follett, in deciding whether defendant acted maliciously and without probable cause. Inasmuch as it appears that whatever supposition *Mr. Allen* had as to the nature of the proceedings was gathered from his conversation with Follett, it seems evident that the question was fully covered.

Upon the subject of punitory damages, the court charged the jury as follows: ·

"If you find that the defendant, without probable cause and maliciously, caused the arrest of the plaintiff, you are authorized to go further and award punitory damages in such sum as will be a warning to defendant and all other persons not to commit similar wrongs, and consequently such damages, to be effectual, must have some relation to the financial ability of the defendant. It is on this theory that ·evidence as to defendant's financial ability has been admitted."

· This charge is attacked on several grounds. It is said that, if either prosecution was commenced by Follett or some other agent without *Allen's* direction, then it must be shown that *Allen* ratified the act in order to charge him with punitory damages. That this is the rule with regard to a principal's ·liability for the unauthorized torts of his agent there can be no doubt. *Robinson v. S. R. T. R. Co.* 94 Wis. 345, 68 N. W. 961. But the complete answer to the objection is that there was no question of prosecution by an agent submitted to the jury in this case. The charge of the court was explicit, and did not allow the jury to return a verdict for the plaintiff at all unless it was shown that the defendant himself either commenced or authorized the commencement or actively participated in the prosecutions. So there was no recovery possible under the charge, if the prosecutions were the unauthorized acts of an agent, and hence the question ·of ratification cut no figure.

Of course, punitory damages are not necessarily to be re-·covered even if the verdict be for the plaintiff, and we should have been better pleased had the court more clearly informed the jury that the matter was in their discretion, and that they might allow them or not as they thought proper; still ·the expression used by the court that they "were authorized"

to award them is strictly correct, and does not carry the implication that they must be awarded. Again, it is said that there must be something more than mere malice in order to justify the imposition of punitory damages; that there must, in effect, be wantonness or an aggravated degree of malice. We do not understand this to be the rule. The rule is generally stated to be that where an injury is committed with wantonness *or* malice, *or* under circumstances of insult or indignity, punitory damages are proper. In the case of malicious prosecution, malice is an essential ingredient in the cause of action, without which there can be no recovery even of compensatory damages. Hence it must follow that the recovery of punitory damages is proper in case of malicious prosecution, where the plaintiff recovers at all, at least in all cases where the prosecution was begun or actively carried on by the defendant himself, and is not the unauthorized and unratified act of an agent. *Winn v. Peckham,* 42 Wis. 493.

Some exceptions were taken to the conduct and remarks of counsel upon the trial, but we do not consider them tenable or of sufficient importance to state in detail. We have been unable to see that the damages are so large as to be considered excessive.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied December 11, 1903.