THOMAS, Respondent, vs. WILLIAMS, Appellant.

*April 22—May 11, 1909.*

*Assault and battery: Civil liability: Trial: Instructions to jury: Requests for instructions: Omission to define terms: Exemplary damages: Evidence: Pecuniary condition of defendant: Compensatory damages.*

1. In an action for assault and battery, after counsel for defendant had submitted requests for instructions relative to the law of self-defense, and, by stipulation, all evidence tending to show plaintiff's reputation as a quarrelsome person was withdrawn, and the injury to plaintiff limited to the striking, and the result from the striking, of four certain blows, neither the plea of self-defense nor the requested instructions thereon having been withdrawn, it is not error to instruct the jury relative to the law of self-defense.

2. In an action for assault and battery, in the absence of requests in that behalf, it is not error to omit to define "malice," although the court used the word "maliciously" several times in its charge.

3. A charge to the jury on the question of exemplary damages which omits to include all the elements upon which such damages are found or awarded is not prejudicial where there is no request for instructions covering the omitted elements.

4. In an action for assault and battery, evidence of the wealth of the defendant is competent as bearing on the sum which would be just and sufficient as a punishment and deterrent in case of an award of exemplary damages.

5. In an action for assault and battery, an instruction as to exemplary damages, that the jury "should" consider defendant's wealth and that the damages "should" be proportioned to defendant's ability to respond, while mandatory instead of permissive, is not cause for reversal unless it appears that the defendant was prejudiced thereby.

6. Such instruction, taken in connection with the whole charge, in substance that the jury could not award exemplary damages unless the acts in question were done maliciously, that even then the matter of exemplary damages lay in their discretion, and informing the jury of the reasons for considering defendant's wealth under such circumstances, is not misleading.

7. In an action for assault and battery, an instruction that a preponderance of the evidence which satisfied the jury of the existence of damage to the plaintiff might form a basis for recovery, is not erroneous as instructing the jury to use that as a basis for prospective or future damages, where no recovery of such damages was authorized or had.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

The appeal is from a judgment rendered in an action to recover damages for assault and battery.

For the appellant there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans.*

Among other references upon the part of the appellant were the following: *Lowe v. Ring,* 123 Wis. 107, 101 N. W. 381; 13 Cyc. 119; *Corcoran v. Harran,* 55 Wis. 120, 12 N. W. 468; *Fenelon v. Butts,* 53 Wis. 344, 10 N. W. 501; *Morrison v. Superior W., L. & P. Co.* 134 Wis. 167, 114 N. W. 434; *Elliott v. Bently,* 17 Wis. 591; *Howard v. Beldenville L. Co.* 129 Wis. 98, 108 N. W. 48; *Pickett v. Crook,* 20 Wis. 358.

For the respondent the cause was submitted on the brief of *Daniel H. Grady.*

Among other references upon the part of the respondent were the following: *Taylor v. Seil,* 120 Wis. 32, 97 N. W. 498; *Miles v. Stanke,* 114 Wis. 94, 89 N. W. 833; *Odette v. State,* 90 Wis. 258, 62 N. W. 1054; *Brown v. Swineford,* 44 Wis. 282; *Bading v. Milwaukee E. R. & L. Co.* 105 Wis. 480, 81 N. W. 861; *Heddles v. C. & N. W. R. Co.* 77 Wis. 228, 46 N. W. 115.

TIMLIN, J.   The complaint was in the usual form, and the defendant averred that he merely defended himself against the assaults and attacks of the plaintiff, using no more force than was necessary, and denied everything alleged in the complaint not thereby admitted. During the trial, after the counsel for defendant had handed up to the court a request in writing for instructions relative to the law of self-defense in such case, by stipulation of counsel all evidence tending to show the reputation of the plaintiff as a quarrelsome person was withdrawn and the injury to the plaintiff was to be limited to the striking, and the result from the striking, of four certain blows, in case the jury found that these blows were

·struck. Error is assigned because the court thereafter instructed the jury relative to the law of self-defense. It is contended this was prejudicial to the defendant. But defendant's counsel did not offer to withdraw the plea of self-defense in his answer or the instruction requested, nor otherwise bring to the attention of the trial court that he claimed any such effect from the stipulation above mentioned. Under these circumstances the court did not err in charging the jury relative to the law of self-defense. That issue was in the case until expressly withdrawn. Besides, we do not see how the stipulation could have the effect now claimed for it in any event.

In instructing the jury the court used the word "maliciously" several times as hereinafter quoted, but failed to define that word to the jury. The defendant made no request for such definition. Under these circumstances the failure to define "malice" is not error. *Taylor v. Seil,* 120 Wis. 32, 97 N. W. 498.

With reference to the error assigned relating to exemplary damages, the portions of the charge criticised are as follows:

"If you find for the plaintiff, and find from a preponderance of the evidence that the defendant's act in striking the plaintiff was done maliciously, vindictively, wantonly, or under circumstances of aggravation or insult, you may, if you see fit, but are not obliged to do so, award, in addition to compensatory damages, such sum as exemplary or punitory damages as you may think proper under the circumstances of the case by way of example or punishment in order to deter the defendant and others from offending in like manner in the future. If you award exemplary damages, you should consider the defendant's wealth so far as it appears from the evidence, as such damages, to accomplish their purpose, should be proportionate in some general way to the defendant's ability to respond. Exemplary damages are never a matter of right, but they, when allowable, may always be awarded or withheld in the discretion of the jury. . . . Exemplary damages may not be awarded unless the acts of the defendant in question were done maliciously, as I have explained malice to

you, and that even if malicious you may withhold or allow them as seems to you fit."

It is argued that this charge is erroneous because it failed to include an element far more important than the element of the wealth of the defendant, and that this latter fact was not the only element to consider in determining the amount of the damages, but the seriousness of the offense committed is fully as important as the defendant's wealth (citing 13 Cyc. 119). There was no request on the part of the defendant for additional instructions.    Evidence of the wealth of defendant is considered competent in actions of this nature as bearing upon what sum would be just and sufficient as a punishment and a deterrent.    *Draper v. Baker,* 61 Wis. 450, 21 N. W. 527; *Eggett v. Allen,* 119 Wis. 625, 633, 96 N. W. 803.    The criticism on this part of the charge is to the effect that the court did not include all the elements upon which exemplary damages are found or awarded.    In such case it is for the party objecting to the charge to request an instruction covering the omitted elements of damage.    The charge above quoted is, however, defective in advising the jury that they "should" consider the defendant's wealth and that the damages "should" be proportionate in some general way to the defendant's ability to respond.    The language is rather too mandatory.    It should be merely permissive.    The proper form of expression is that the jury may consider the defendant's wealth so far as appears from the evidence in a case otherwise proper for allowance of exemplary damages.    But no criticism is made on this account by the appellant, and we are not satisfied that the defendant was prejudiced in the instant case by this difference in the form of expression.    We notice it merely to show that it is not approved as above quoted.    Taking the whole charge on the subject, it appears that the jury were instructed that they could not award exemplary damages unless the acts in question were done maliciously; that even then the matter of exemplary damages lay in their discretion; and the jury were told the reason for considering the defendant's

wealth under such circumstances. It is not probable that the jury were misled by anything of which the appellant complains in this part of the charge.

It is thought by appellant that the court below erred in its charge with reference to compensatory damages because the jury were instructed that a preponderance of the evidence which satisfied the jury of the existence of the damage to plaintiff might form a basis for recovery, and that while this is correct with reference to damages already accrued it is incorrect with reference to future or prospective damages. But a preponderance of evidence which satisfies the jury of the existence of the facts so supported is an approved form of instruction. *Gores v. Graff,* 77 Wis. 174, 46 N. W. 48, and subsequent cases collected in *Anderson v. Chicago B. Co.* 127 Wis. 273, 280, 106 N. W. 1077. There was not, as we interpret the instructions and the verdict in the instant case, any recovery had or authorized for prospective or future damages. The language of the instructions on this subject is as follows:

"Now, gentlemen, with these rules in mind, you will determine whether the plaintiff is entitled to recover. If she is entitled to recover, she is entitled to recover such damages as will compensate her for the injuries which the preponderance of the evidence satisfies you she actually sustained as the result of such of the four blows as you find the defendant struck her. She is, if entitled to recover at all, entitled to compensation for her pain and suffering, physical and mental, that resulted solely from the blows received. You will consider the nature and extent of her physical injuries resulting from the blows struck, such impairment of strength or mental power and such disfigurement as resulted from them, and also such injury to her feelings as she actually sustained through indignity or shame and humiliation consequent upon public exposure. You will not allow for any loss of time or services resulting from her injuries, or for any expense for physician's services, as these matters fall upon the husband and can only be recovered in a suit by him."

*By the Court.*—Judgment affirmed.