MANZ, Appellant, vs. KLIPPEL and another, Respondents.

*October 7—November 17, 1914.*

*Appeal: Harmless errors: Reducing award without option for new trial: Malicious prosecution: Instituting inquiry as to sanity: Probable cause: Advice of counsel: Instructions to jury: Malice: Punitory damages.*

1. Reduction by the trial court of the jury's award of punitory damages without giving plaintiff an option to take a new trial is. not an error of which the defendant can complain.
2. Dismissal of a proceeding in county court inquiring into the sanity of a person is *prima facie* evidence that such proceeding was instituted without probable cause.
3. Such dismissal is a sufficient basis for an action for malicious prosecution, where there was a want of probable cause for the institution of the proceeding.

4. If the proceeding was instituted in good faith no action for malicious prosecution will lie; but in order that there should be good faith there must be reasonable ground for believing the person insane, since malice may be inferred from want of probable cause.

5. In an action for malicious prosecution in presenting a petition for an inquiry as to plaintiff's sanity, the fact that defendants acted under advice of counsel is a defense, under the same conditions as in other actions for malicious prosecution.

6. Under the evidence in this case, however, an instruction to the jury that the fact that defendants consulted an attorney before commencing the proceeding was not in itself a justification but might be considered as bearing on their good faith, was not prejudicially erroneous.

7. So, also, an instruction on the question of malice, stating that "one may be actuated by a good purpose or design, yet if he wilfully inflicts wrong on another which is not warranted by law, his act is malicious," though inaccurate, was not "manifest prejudicial error," it appearing pretty clearly that defendants acted recklessly or wantonly, with little justification or excuse, in instituting the inquiry as to plaintiff's sanity.

8. An instruction that no punitory damages should be assessed unless "actual malice and want of probable cause" were shown, was, at least, sufficiently favorable to defendants.

APPEAL from an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

The defendants filed a petition in the county court of Milwaukee county praying that a judicial inquiry be made as to the sanity of the plaintiff. Upon such petition the court made an order for the examination of the plaintiff's mental condition. Two physicians were appointed to conduct such examination, and they reported the plaintiff sane, whereupon the proceeding was dismissed. Plaintiff thereafter brought this action in one of the civil courts of Milwaukee county to recover damages for malicious prosecution. The trial resulted in a verdict in his favor, which assessed his compensatory damages at $500 and punitory damages at $1,200. The court deemed the punitory damages excessive and ordered that they be reduced to $600, and judgment was

accordingly entered. The order did not give any option to the plaintiff to take judgment for the sum of $1,100 in the aggregate or submit to a new trial. The defendants appealed to the circuit court, which court made an order setting aside the judgment and awarding a new trial. Plaintiff appeals from this order. The circuit court did not recite in its order the error or errors committed by the trial court which it deemed manifestly prejudicial to the defendants. The respondents urge in this court that the judgment of the civil court was erroneous because the court did not reduce the punitory damages to the lowest sum that a future jury would be likely to award and give the option to the plaintiff to take judgment for such sum or submit to a new trial. They further insist that inasmuch as no investigation was made or evidence taken on the insanity inquiry, beyond that of the two physicians appointed, the discharge in the county court was not *prima facie* proof of want of probable cause, and, there being no other proof of it, the court should have granted their motion for a nonsuit. They urge as a further ground of error that the discharge in the county court, considering the manner in which it was made, was not a final determination in favor of the plaintiff and furnished no basis for an action for malicious prosecution, and that judgment in their favor notwithstanding the verdict should have been rendered. Finally it is contended that the judge of the civil court committed prejudicial error in charging the jury as follows:

(a) "It is in evidence that defendants consulted an attorney before commencing the proceedings in question. In instituting criminal proceedings, it would be a justification that all the facts within the knowledge of the prosecutor had been stated fairly and fully to an attorney and that the proceedings were started on the attorney's advice.

"But, gentlemen, the proceeding against plaintiff was not a criminal proceeding. The question of the sanity or insanity of plaintiff is not one upon which an attorney has special knowledge. The fact that defendants or either of them

called upon an attorney is not, therefore, of itself justifica-
tion, but it may be considered by you as bearing upon the
good faith of the defendants."

(b) "Now as to the element of malice. Malice, gentle-
men, means an unlawful act done wilfully and purposely to
the prejudice and injury of another. It is not necessary to
render an act malicious that the party be moved by a feeling
of hatred or ill will, revenge or spite, or that he pursue in
general a bad purpose or design. One may be actuated by a
good purpose or design, yet if he wilfully inflicts a wrong on
another which is not warranted by law, his act is malicious."

For the appellant there was a brief by *Lehr, Kiefer &
Reitman,* attorneys, and *J. Elmer Lehr,* of counsel, and oral
argument by *J. Elmer Lehr.*

For the respondents there was a brief by *McElroy & Fer-
guson,* and oral argument by *H. T. Ferguson.*

BARNES, J. 1. The fact that plaintiff was in form given
no option to submit to a reduction of the verdict or take a
new trial is something that he might complain of, but it is
not apparent that the defendants have any cause of complaint.
Had the court's attention been directed to the omission, it
would no doubt have been supplied. We find nothing to in-
dicate that the court did not fix the recovery of punitory dam-
ages at the lowest sum which it was thought a jury in a sub-
sequent trial would be likely to award.

2. The discharge in the county court was *prima facie* evi-
dence of want of probable cause. *Bigelow v. Sickles,* 80
Wis. 98, 49 N. W. 106; *Eggelt v. Allen,* 119 Wis. 625, 96
N. W. 803. There was other evidence offered by plaintiff be-
fore he rested his case that would justify the jury in finding
want of probable cause, and there was ample evidence to war-
rant such a finding at the close of the testimony.

3. We entertain no doubt that the discharge in the county
court was a sufficient basis on which to predicate an action
for malicious prosecution where there was a want of probable

cause for the institution of the proceeding. *Woodworth v. Mills*, 61 Wis. 44, 20 N. W. 728; *Lueck v. Heisler*, 87 Wis. 644, 58 N. W. 1101; *Eggett v. Allen, supra; Strehlow v. Pettit*, 96 Wis. 22, 71 N. W. 102; *Bigelow v. Sickles, supra;* 26 Cyc. 57, 58, 59, and cases cited.

4. No good reason is apparent why advice of counsel would not be a defense if honestly given on a full and fair statement of the facts within the knowledge of a party about to sign such a petition as was here signed. No authority is cited to support the instruction given, and the fact that a lawyer is not ordinarily an insanity expert is no reason for creating an exception to the general rule in this class of cases. This error was harmless, however, for the reason that the facts testified to were wholly insufficient to warrant a jury in finding that there was any justification. When the jury was told that the visit by *Mrs. Bursaw* with plaintiff's wife to the office of the attorney for the latter might be considered as bearing on the good faith of the defendants, they were given all the benefit from this visit that they were entitled to.

In the final paragraph of the quoted instructions the court defined "malice." In the last sentence it is said: "One may be actuated by a good purpose or design, yet if he wilfully inflicts wrong on another which is not warranted by law, his act is malicious." This instruction may have been misleading. If the defendants acted on an honest belief, and there existed reasonable grounds for it, they would be justified in making the petition. *Fagnan v. Knox*, 66 N. Y. 525; *Whitney v. New York C. Ins. Asso.* 27 App. Div. 320, 50 N. Y. Supp. 227; *Jacks v. Stimpson*, 13 Ill. 701. The jury might have understood that if it developed that wrong was wilfully done the plaintiff by having his sanity inquired into, the defendants were chargeable with malice although they acted in good faith and had reasonable grounds for their belief.

Our own decisions hold (1) that malice may be inferred from want of probable cause; (2) that it is established by

showing a wicked or ulterior purpose or design; and (3) that
it may be established by showing that the wrongful act com-
plained of was done wantonly or recklessly or under circum-
stances of aggravation or insult. *Eggett v. Allen,* 119 Wis.
625, 634, 96 N. W. 803; *Thomas v. Williams,* 139 Wis. 467,
121 N. W. 148. The idea that an act was done maliciously
would seem to be incompatible with the assumption that it was
done in good faith or even for a good purpose. The trend
of our decisions is to the effect that if there is good faith in
initiating a proceeding such as is here complained of, no ac-
tion for malicious prosecution will lie. Inferentially at least
this is held in *Spear v. Hiles,* 67 Wis. 350, 30 N. W. 506,
and in *Messman v. Ihlenfeldt,* 89 Wis. 585, 62 N. W. 522.
But in order that there should be good faith there must be
reasonable ground for believing that the charge made is true,
because malice may be inferred from want of probable cause.

While we think the instruction complained of was not
strictly accurate, we do not think it was prejudicial. There
was little justification or excuse for instituting the insanity
inquiry. *Mrs. Bursaw* seems to have been actuated by a de-
sire to aid the plaintiff's wife in some way in a divorce action
pending between her and her husband. *Klippel* apparently
signed the petition because *Mrs. Bursaw* and Mrs. Manz asked
him to and because some one told him it was a formal matter.
While the elements of ill will or of a wicked purpose or of
bad motive may have been and probably were absent, at least
as far as *Klippel* was concerned, yet it seems pretty clear
from the evidence that they acted recklessly and wantonly in
the matter and that the jury could hardly reach any other
conclusion on the evidence. Further on in the charge the
court correctly instructed the jury as follows:

"If you find from the evidence of greater weight that the
defendants in instituting the proceedings in the county court
to have plaintiff examined as to his sanity were actuated by
feelings of ill will or hostility to the plaintiff, that they be-
gan these proceedings not for the purpose of promoting some

public end, but for the purpose of injury and harming the plaintiff, or if you find that the defendants acted in the matter recklessly and with wanton disregard of plaintiff's rights, then they acted with malice.

"But if the credible evidence convinces you that the defendants acted with an honest belief of plaintiff's mental derangement and without purpose to inflict wrongful injury on plaintiff, then they acted without malice."

Under the Civil Court Act, unless there was not only error but the error was manifestly prejudicial, the judgment should not be disturbed. We have reached the conclusion that in view of the character of the evidence and the subsequent instruction, it should not be held that there was manifest prejudicial error in giving the inapt instruction complained of.

Neither can it be said that this error affected the assessment of punitory damages. The jury was instructed that no such damages should be assessed unless *"actual malice and want of probable cause"* were shown. This instruction was certainly as favorable to the defendants as they had any right to expect, and more favorable than some of the decisions of this court would warrant. See *Eggett v. Allen,* 119 Wis. 625, 634, 96 N. W. 803. It would have been better had the court clearly defined the term "actual malice," but no such definition was requested.

*By the Court.*—Order reversed, and cause remanded with directions to affirm the judgment of the civil court.