LUEPTOW, Respondent, vs. SCHRAEDER, Appellant.

LUEPTOW, Respondent, vs. PFISTERER, Appellant.

*November 9, 1937—January 11, 1938.*

438

For the appellants there were briefs by *Emery Paul* of Markesan and *Lueck, Skupniewitz & Lueck* of Beaver Dam, and oral argument by *Mr. Arthur W. Lueck* and *Mr. Paul*. *Stephen F. Grover* of Beaver Dam, for the respondent.

NELSON, J. The sole question for determination is whether the allegations of the second cause of action stated a good cause of action against the defendants. Since the

allegations are identical we need consider only one of the complaints.

The complaint in substance alleges that on or about the 20th day of January, 1931, at Green Lake, Green Lake county, Wisconsin, the defendant, intending to injure the plaintiff in his good name, appeared before "the justice of the juvenile court" of said county and maliciously and without probable cause made complaint on oath to him, and charged that the plaintiff had sent threatening letters through the United States mail to the teachers of the school which the plaintiff attended; that he had sent to the teachers of said school threatening communications in writing; that the defendant had maliciously and without probable cause procured said justice to issue a warrant for the arrest of the plaintiff upon the said false charge; that the said justice, on said day, issued said warrant, and the plaintiff was arrested and put under the custody of the sheriff of said county; that afterwards and before the date set for the appearance of the plaintiff before said court a certain teacher in said school confessed that he had sent the threatening letters and communications to the teachers of said school; that because of said confession the plaintiff was discharged and the complaint made against him abandoned, and that as a result of said acts the plaintiff was injured in his person, was prevented from attending school for a period of eight weeks, and that he was injured in his general reputation in the community to his damage in the sum of $3,000. The petition made to the judge of the juvenile court was annexed to the complaint, made a part thereof and marked "Exhibit A." It is as follows:

"That petitioners are members of the school board of the village of Markesan in said county and state. That the said Gordon Lueptow and Forrest Lueptow are the children of Ervin Lueptow and Mrs. E. Lueptow, his wife, and that the

said children reside in said county with their father and mother above named.

"That the said Gordon Lueptow is under sixteen years of age and is about the age of fifteen years and the said Forrest Lueptow is under sixteen years of age and is of about eleven years and as petitioners are informed and believe .said children are delinquent children.

"That the said children have while in attendance at the public schools in the village of Markesan been guilty of acts and conduct, causing a disturbance to said school by defacing of buildings and walls thereof and sending threatening letters through the United States mail to the teachers of said school and sending to the teachers of said school threatening communications in writing, and the said children are incorrigible and beyond the control of their parents.

"Wherefore petitioners pray, this court issue a summons as provided by law directed to said Ervin Lueptow and Mrs. E. Lueptow the parents of said children and now having said children in their control in said county to appear before said juvenile court with said children at such time and place as the court may fix.

"Dated this 20th day of January, 1931.

"CHARLES F. SCHRAEDER.
"FRANK W. PFISTERER."

The plaintiff asserts that the allegations of his complaint, considered as true and liberally construed as they should be, on demurrer, state a cause of action for malicious prosecution. The defendants contend that they do not. The proceeding, which the defendants instituted by their verified petition to the juvenile court, was concededly made pursuant to the provisions of ch. 48, Stats. That chapter is entitled "Child Protection and Reformation," and is a part of our so-called "Children's Code," enacted in 1929 by ch. 439, Laws of 1929. Its purpose is to protect and reform children. Sec. 48.01 (1) (c), Stats., provides:

"The words 'delinquent child' shall mean any child under the age of eighteen years who has violated any law of the state or any county, city, town or village ordinance; or who

by reason of being wayward or habitually disobedient is uncontrolled by his parent, guardian or custodian; or who is habitually truant from school or home; or who habitually so deports himself as to injure or endanger the morals or health of himself or others."

The petition made to the juvenile court clearly charged that the plaintiff was a delinquent child. Sec. 48.06, Stats., in so far as here material, provides:

"(1) Whenever any person gives to the juvenile court information tending to show that a child is neglected, dependent or delinquent, or that such child has committed any act or has pursued a course of conduct which if found true would make him a delinquent child, the court shall make preliminary inquiry to determine whether the public interests or the interests of the child require that formal jurisdiction should be acquired, and may authorize a petition to be filed. The petition shall be verified under oath, alleging briefly the facts which bring said child within the definitions of a neglected, dependent or delinquent child. The person making such petition shall suffer no personal risk greater than when the proceeding is upon warrant, providing said petition is made in good faith. . . .

"(2) After a petition shall have been filed and after such further investigation as the court may direct, unless the parties hereinafter named shall voluntarily appear, the court shall issue a summons reciting briefly the substance of the petition, and requiring the person or persons who have the custody or control of the child to appear personally and bring the child before the court at a time and place stated. If the person so summoned shall be other than the parent or guardian of the child, then the parent or guardian or both shall also be notified of the pendency of the case and of the time and place appointed, at least twenty-four hours before the hearing. Summons may be issued requiring the appearance of any other person whose presence, in the opinion of the judge, is necessary. . . ."

"(4) If any person summoned shall fail without reasonable cause to appear, he may be proceeded against for contempt of court. In case the summons cannot be served or

the parties served fail to obey the same, or in any case when it shall be made to appear to the judge that the service will be ineffectual a capias may be issued for the parent, or guardian, or for the child."

Sec. 48.07, Stats., as far as material, provides:

"(1) If the court shall find that the child is delinquent, neglected or dependent, it may:

"(a) Place the child on probation or under supervision in his own home or in the custody of a relative or other fit person, upon such terms as the court shall determine; or

"(b) Commit the child to a suitable public institution or to a suitable child welfare agency licensed by the state board of control and authorized to care for children or to place them in suitable family homes. The terms and duration of such commitments, other than to the industrial school for boys or to the industrial school for girls, shall in each case be fixed by the court, subject to modification by the court on its own motion or otherwise; provided that in case of commitment to a county home for dependent children the terms of such commitment shall not exceed three months at any time, subject however to the power of the court after the three months' period to extend the term as special circumstances require; and provided further, that the court upon application before commitment may consider the wishes of the parent or guardian in the selection of a suitable institution or agency; or

"(c) Make such further disposition as the court may deem to be for the best interests of the child.

"(2) Every order made under this section shall be based on a finding of fact, entered of record. . . .

"(3) No adjudication upon the status of any child in the jurisdiction of the juvenile court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court, except as provided in section 48.11. The disposition of a child or any evidence given in the juvenile court shall not be admissible as evidence against the child in any case or proceeding in any other court, nor shall such

disposition or evidence disqualify a child in any future civil service examination, appointment or application. No costs shall be assessed against nor fines imposed upon any child in the juvenile court.

"(4) It is declared to be the intent of this chapter that each child coming within the jurisdiction of the juvenile court shall receive such care, guidance and control, preferably in his own home, as will conduce to the child's welfare and the best interests of the state; and when such child is removed from his own family, to secure for him custody, care and discipline as nearly as possible equivalent to that which should have been given by his parents."

The proceedings authorized by ch. 48, Stats., are new in this state. The question to be determined is whether a petition which informs the juvenile court that a' child under the age of eighteen years has violated a law of this state and is a delinquent child, as defined by sec. 48.01 (1) (c), if made maliciously and without probable cause, can be the basis for a malicious-prosecution action. The defendants contend that an action for malicious prosecution cannot be grounded upon proceedings instituted under ch. 48, notwithstanding the fact (allegation) that the complaint or petition was made maliciously and without probable cause. This contention is based largely upon the holding in *Luby v. Bennett,* 111 Wis. 613, 87 N. W. 804, in which this court fully considered the law applicable to actions for malicious prosecution grounded upon the institution or prosecution of a civil action. The rule laid down in that case is that an action for malicious prosecution will not lie if grounded upon a civil action even though maliciously prosecuted unless the person or property of the defendant in such an action is interfered with, or unless such action results in the infliction of special damages. While in our opinion the rule in that case is sound, it does not rule the present controversy as will appear from our conclusions hereinafter stated.

The defendants next contend that the petition filed with the juvenile court, pursuant to the provisions of ch. 48, Stats., did not start or institute a criminal prosecution, and therefore the law applicable to malicious prosecutions, based upon criminal prosecutions, should not rule this controversy. With that contention we agree. Although a proceeding instituted under ch. 48 may ultimately result in an adjudication committing a child, so complained against, to an industrial school until he attains the age of twenty-one years, sec. 48.15, the legislature attempted to soften as much as possible the nature of such an adjudication by providing that it shall not operate to impose any of the civil disabilities ordinarily imposed by conviction; that a child shall not be deemed a criminal by reason of such adjudication; that such adjudication shall not be deemed a conviction; and that no child shall be charged with or convicted of a crime in any court except as provided in sec. 48.11. The law further provides that the disposition of a child or any evidence given in the juvenile court shall not be admissible as evidence against him in any case or proceeding in any other court, nor shall such disposition or evidence disqualify him in any future civil-service examination, appointment, or application. Sec. 48.07 (3). In our view, such a proceeding, strictly speaking, is neither a criminal nor a civil action. It is a special proceeding with certain incidents common to both civil and criminal actions.

As before stated, this proceeding is new in this state. Its obvious purpose is to deal more humanely, considerately, and wisely with the problem of our neglected, dependent, and delinquent children.

The proceeding is quite analogous to an insanity or lunacy proceeding which too is a special proceeding. It was held in *Manz v. Klippel,* 158 Wis. 557, 149 N. W. 375, that a malicious prosecution may properly be based upon a petition to the county court in a lunacy proceeding, if made mali-

ciously and without probable cause. That holding was approved in *Bode v. Schmoldt*, 177 Wis. 8, 12, 187 N. W. 648, 187 N. W. 1024, though apparently with some misgivings. It was there said:

"Were it not for the fact that such a proceeding is regarded as a proper basis for an action for malicious prosecution in *Manz v. Klippel*, 158 Wis. 557, 149 N. W. 375, we should be disposed to give serious consideration to the question whether the mere application for a judicial inquiry into the mental condition of an insane person affords a basis for an action for malicious prosecution. However, no doubt seemed to have been entertained as to the propriety of such an action in *Manz v. Klippel, supra*, and it may as well be regarded as the settled law of this state. It is true that to falsely question one's sanity is no light or trifling matter. It may result in serious consequence and damage. Its natural tendency is to injure one's social standing and credit and to bring humiliation to the one whose sanity is brought in question. Where this is done maliciously and without probable cause, it is a wrong for which the law should afford a remedy, and perhaps the action of malicious prosecution is as well adapted to afford that remedy as any other action known to the law."

What the court apparently had in mind and which gave rise to some doubts as to the soundness of the rule stated in *Manz v. Klippel, supra*, were: That the original application in such a proceeding does no more than call the attention of the county judge to the fact that a person is believed to be insane; that such application results in nothing more than the appointment of physicians to examine into the sanity of the suspected person; that the suspected person is not arrested, is not detained, and his liberty is in no manner interfered with if the physicians, appointed by the court, report that in their opinion he is sane.

It is uniformly held by all courts that have passed upon the question that the institution of lunacy proceedings maliciously and without probable cause is ground for a mali-

cious-prosecution action. *Barton v. Woodward,* 32 Idaho, 375, 182 Pac. 916, 5 A. L. R. 1090; *Lockenour v. Sides,* 57 Ind. 360; *Treloar v. Harris,* 66 Ind. App. 59, 117 N. E. 975; *Davenport v. Lynch,* 51 N. C. 545; *Suhre v. Kott* (Tex. Civ. App.), 193 S. W. 417; *MacEachern v. MacEachern,* 126 Wash. 32, 216 Pac. 881; *Fisher v. Payne,* 93 Fla. 1085, 113 So. 378; *Pickles v. Anton,* 49 N. D. 47, 189 N. W. 684; *Reade v. Halpin,* 193 App. Div. 566, 184 N. Y. Supp. 438. See also Annotation in 5 A. L. R. 1097.

To institute a proceeding under ch. 48, Stats., maliciously and without probable cause by complaining in writing to a juvenile court that a schoolboy fifteen years of age is a delinquent child in that he has caused a disturbance in the school he attends, has defaced the building and the walls thereof, has sent through the mails threatening letters to the teachers, has also sent threatening communications in writing to the teachers, and is incorrigible, cannot be considered a trifling matter or of little consequence. What was said in *Bode v. Schmoldt, supra,* may with some slight modifications be said here.

Such a petition may result in serious consequences and damage. Its natural tendency is to injure one's social standing and credit and to bring humiliation to the one whose honesty and law-abidingness is so seriously questioned. Where this is done maliciously and without probable cause it is a wrong for which the law should afford a remedy, and an action of malicious prosecution is as well adapted to afford that remedy as any other action known to the law.

The fact that the legislature in sec. 48.06, Stats., provided, in regard to the making of a petition, that "the person making such petition shall suffer no personal risk greater than when the proceeding is upon warrant, providing said petition is made in good faith," would seem to imply that a petitioner would not be privileged when the petition is made mali-

ciously and without probable cause. Certainly a petition so made would not be made in good faith.

In this discussion we are assuming, as we must, that the allegations of the complaint are true. Such assumption should not of course prejudice the defendants in case they answer and go to trial.

The defendants also contend that there is no allegation in the complaint to the effect that the proceedings in the juvenile court have terminated favorably to the plaintiff. We think that the allegation that a teacher had confessed that he sent the threatening letters and communications, and as a result the plaintiff was discharged and the defendants did not further prosecute said complaint, but abandoned the same, is sufficient on demurrer as an allegation that the proceedings had terminated favorably to the plaintiff.

*By the Court.*—The orders of the circuit court overruling the demurrers to the second cause of action in both actions are affirmed, and the causes are remanded for further proceedings.