# Richmond.

## JONES v. FINCH.

### DECEMBER 1st, 1887.

1. PRACTICE AT COMMON LAW—*Malicious prosecution—Declaration—Demurrer— Case at bar.*—In action for malicious prosecution, fourth count of declaration substantially alleges that maliciously, and without any probable cause, the defendant had plaintiff arrested on a warrant procured by defendant from a United States commissioner, by whom, upon consideration of all the evidence, he the plaintiff was acquitted and discharged, and that the prosecution was wholly ended and determined. To this count defendant demurred.

HELD:

Demurrer overruled.

2. IDEM—*U. S. Commissioner—Justice of the peace.*—Upon principle, there is no distinction between the effect of the judgment of a U. S. Commissioner and that of a justice of the peace in this State.

Error to judgment of circuit court of city of Richmond, rendered June 28th, 1886, in an action of trespass on the case, wherein the plaintiff in error was plaintiff, and the defendant in error was defendant.

The action was brought December 3d, 1885. The declaration contained four counts. The first two counts are for an alleged slander. The third is for an alleged libel. The fourth is for an alleged malicious prosecution. The first three counts are for matters alleged to have taken place in the county of Mecklenburg, in this State, where both parties resided. Said fourth count is for a matter alleged to have occurred at the said city of Richmond.

Process to answer the action was duly served on the defendant in the city of Richmond. To the first three counts in the declaration, a plea in abatement to the jurisdiction was filed. And the defendant also demurred to the whole declaration and to each count thereof; and to the fourth count he filed a special plea, setting forth that the plaintiff had not been discharged and acquitted of the prosecution in said fourth count set forth.

The plaintiff demurred to both of the defendant's pleas. To the second he replied generally. The circuit court overruled the demurrer to the whole declaration, and also as to the first three counts, but sustained the demurrer as to the said fourth count, and dismissed the suit as to said fourth count. And then proceeding to consider the plea in abatement as to the first three counts of the declaration, and the demurrer to said plea, and the motion of the defendant to dismiss the suit as to the first three counts, the court overruled the demurrer to said plea, and sustained the plea, and ordered the suit to be dismissed. To this judgment of the circuit court the plaintiff applied for and obtained from one of the judges of this court a writ of error and *supersedeas.*

*John S. Wise,* for the plaintiff in error.

*W. W. Henry,* for the defendant in error.

RICHARDSON, J., delivered the opinion of the court.

The action of the circuit court in overruling the plaintiff's demurrer to the defendant's plea in abatement to the first three counts in the declaration, and in sustaining said plea, and in dismissing the plaintiff's action as to those counts, was clearly correct. Indeed, in this particular, it is not claimed, in the plaintiff's petition for writ of error, that there was error.

The only assignment of error is as to the action of said cir-

cuit court in sustaining the demurrer to the fourth count in the declaration and in dismissing the plaintiff's action as to said fourth count.

This, then, is the sole question for decision. And this makes the examination of said count important. After the usual preamble, this count charges that "on the 30th of November, 1885, at Richmond, Virginia, the defendant went before one Matthew F. Pleasants, a United States commissioner for the eastern district of Virginia, and then and there before said Pleasants falsely and maliciously and without any reasonable or probable cause whatsoever, charged plaintiff with having feloniously stolen and taken from out of a mail of the United States a certain registered letter received by plaintiff as post-master at Boydton, Virginia, on or about the 25th day of July, 1883, and upon such charge the defendant falsely and maliciously and without any reasonable or probable cause whatsoever, caused and procured said Matthew F. Pleasants, United States commissioner as aforesaid, to make and grant his certain warrant under his hand for the apprehending of plaintiff and for having plaintiff before him, the said Pleasants, or some other United States commissioner, to be dealt with according to the law of said supposed offence, and said defendant, under and by virtue of said warrant, afterwards, to-wit: December 2, 1885, at Mecklenburg county, Virginia, aforesaid, wrongfully and unjustly and without any reasonable cause whatsoever, caused plaintiff to be arrested by his body and taken into custody and to be imprisoned and brought by public conveyance from Boydton, Mecklenburg county, to Richmond, Virginia, in the custody of a deputy marshal of the United States, and before a great many people on the public highway and the streets of Richmond, and to be detained in custody a long space of time, to-wit: twelve hours then next following, and until defendant afterwards, to-wit: December 2d, 1885, at Richmond, Virginia, falsely and maliciously and without any reasonable or probable cause whatsoever, caused the plaintiff

to be carried in custody before said M. F. Pleasants, so being United States commissioner as aforesaid, to be examined before said commissioner, of and concerning said supposed crime, which said commissioner, having heard and considered all that said defendant could say or allege against the plaintiff touching said supposed offence, then and there, to-wit: on the day last aforesaid, at Richmond, Virginia, adjudged and determined that the said plaintiff was not guilty of the said supposed offence, and then and there caused the plaintiff to be discharged out of custody, fully acquitted and discharged of the said supposed offence, and the defendant hath not further prosecuted his said complaint, but hath deserted and abandoned the same, and the said complaint and prosecution is wholly ended and determined, to-wit: at Richmond, Virginia, aforesaid."

The malicious prosecution whereon this count is predicated, is the prosecution which was set on foot by the defendant. This count alleges that that prosecution was wholly ended and determined favorably to the plaintiff. It seems in that respect to be substantially in the usual form. In *Womack* v. *Circle*, 29th Gratt., 192, the fourth count was founded on an alleged malicious prosecution of the plaintiff by the defendant. It stated in respect to the termination of the prosecution, that "the complaint was then dismissed, * * * and that the prosecution has long since been ended and determined." And in reference to the demurrer to that count in that case, Burks, J., on p. 199, said: "The fourth count sets out a case of malicious prosecution. To be sufficient in law, such count should allege, 1st. The prosecution in its particulars. 2d. That it was set on foot, instigated, or procured by the defendant. 3d. That it had terminated favorably to the plaintiff. 4th. That it was without probable cause. 5th. That it was malicious." Citing *Scott & Boyd* v. *Shelor*, 28 Gratt., 891.

All of these essentials are certainly contained in the fourth count here under consideration. In *Womack* v. *Circle, supra*, the plaintiff had been arrested on a charge of attempting to

bribe a person to commit a crime preferred by the defendant. The justice found that there was probable cause for the charge, and bound the plaintiff over to keep the peace, &c. This judgment was reversed, on appeal, by the county court. All this was set·out in the declaration. The defendant demurred on the ground that the judgment of the justice, though reversed and annulled, was conclusive evidence of probable cause. The circuit court overruled the demurrer. The case came to this court on a writ of error, and the court being equally divided, the decision of the court below was virtually affirmed. But on the second coming of the cause to this court, that decision was reversed, Staples and Burks, JJ., dissenting. See *Womack* v. *Circle,* 32 Gratt., 324. But later, in *Blanks* v. *Robinson,* reported in Va. L. J., 1886, p. 398, this court overruled the decision of the majority in the latter case, and sustained the opinion of the dissenting judges that a judgment of conviction by the justice is only *prima facie* evidence of probable cause for the prosecution.

That the converse of this proposition is true, and that the judgment of the justice dismissing the complaint is *prima facie* evidence of *the want* of probable cause for the prosecution, has never been doubted. In *Womack* v. *Circle,* 32 Gratt., p. 347, Staples, J., said: "If the plaintiff had been acquitted by the justice, that acquittal would have been *prima facie* evidence of the want of probable cause, and nothing more. All the authorities agree in so holding." In that case, as in the case at bar, the officer had only the power to send the accused on for trial, or to discharge him from *that* prosecution and dismiss *that* complaint. But in the case under consideration, the counsel for the defendant in error appear to found their demurrer upon a supposed difference between the jurisdiction and powers of a justice and those of a commissioner of the United States, and contend that "the object of the proceeding before the latter, is not to convict or acquit the prisoner, but to ascertain in his behalf whether there is sufficient reason to belive him guilty,

to warrant holding him in custody, or under recognition for trial." Suppose this to be true, what becomes the duty of the commissioner, when upon hearing the evidence, he comes to the conclusion that there is *not* sufficient reason to believe him guilty? Can it be anything else than to dismiss the warrant and discharge the prisoner. Can he either hold the prisoner in custody or under recognition for trial, if from the evidence he believes him not guilty of the charge? And in such respect, wherein do the jurisdiction and powers of a United States commissioner differ from those of a justice, except in certain instances where by statute the latter have a wider jurisdiction? Code 1873, ch. 199, §§ 15 and 16.

In *Womack* v. *Circle*, 32 Gratt., 324, Judge Staples in his dissenting opinion, on p. 354, (which dissenting opinion this court expressly adopted in *Blanks* v. *Robinson, supra*) said: "The functions of the United States commissioner in committing for trial, are precisely like those of a justice of the peace." * * * "I can see no difference in principle between the effect of the justice's judgment and that of the commissioner in those two Virginia cases," alluding to the two cases last above mentioned. That the learned judge's view is correct, there can be no doubt.

We cannot, therefore, hesitate to hold that the fourth count of the declaration of the plaintiff (plaintiff in error here) sufficiently sets out a case of malicious prosecution, and that the court below erred in sustaining the demurrer thereto. We are, therefore, of opinion to reverse the judgment of the said circuit court for that error, with costs to the plaintiff in error, and to remand the cause to said circuit court of the city of Richmond for further proceedings in conformity with the views expressed in this opinion.

JUDGMENT REVERSED.