# CHARLESTON.

## WRIGHT *v.* RIDGELY.

### Decided March 29, 1910.

1. MALICIOUS PROSECUTION—*Sufficiency of Declaration—Allegation of Malice.*

   As malice is an essential element of an action for malicious prosecution, lack of an averment thereof in the declaration cannot be disregarded on demurrer, under the statute of jeofails, and is fatal.

2. PLEADING—*Defects—Cure by Verdict.*

   Such a' defect in a declaration is not cured by verdict, when a demurrer to the declaration has been interposed and overruled.

3. APPEAL AND ERROR—*Record—Necessity for Bill of Exceptions or Assignments of Error.*

   To be available in the appellate court, erroneous rulings of the trial court, respecting admission and exclusion of evidence, must be, not only saved upon the record, but specifically pointed out by special bills of exception or assignments of error in the petition or brief. The Court will not search the stenographic report of the evidence for them.

Error to Circuit Court, Cabell County.

Action by Thomas S. Wright against John F. Ridgely. Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

*Geo. I. Neal* and *Jean F. Smith,* for plaintiff in error.

*Isbell & Perry,* for defendant in error.

POFFENBARGER, JUDGE:

On a declaration in trespass on the case, drawn as one for malicious prosecution, Thomas S. Wright recovered a judgment for $500.00 against John F. Ridgely in the circuit court of Cabell county, of which the latter complains.

As the declaration fails to aver, in any form, that the defendant maliciously did the acts complained of, the demurrer should have been sustained. Malice and lack of probable cause are the

most important elements in such an action. *Waldron* v. *Sperry,* 53 W. Va. 116; *Harper* v. *Harper,* 49 W. Va. 661; *Tavenner* v. *Morehead,* 41 W. Va. 116; *Jones* v. *Finch,* 84 Va. 204; *Marshall* v. *Bussard,* Gilmer 9; *Young* v. *Gregory,* 3 Call. 446; *Kirtley* v. *Deck,* 2 Munf. 10; 2 Tucker's Com. Bk. 3, p. 64.

Is the defect cured by the verdict? No. Our statute of jeofails, applicable here, a portion of section 3 of chapter 134 of the Code of 1906, says no judgment shall be reversed "for any defect, imperfection, or omission in the pleadings, which could not be regarded on demurrer; or for any other defect, imperfection or omission, which might have been taken advantage of on a demurrer or answer, but was not so taken advantage of." The defect is one that cannot be disregarded, in obedience to the mandate as to the first class of cases. It must be regarded on demurrer. *Kirtley* v. *Deck,* 2 Munf. 10; *Young* v. *Gregory,* 2 Call. 446; *Ellis* v. *Thilman,* 3 Call. 3. But for the demurrer, interposed and overruled, the defect might have to be disregarded, under the terms applicable to the second class, *Spangler* v. *Davy,* 15 Grat. 381; but, in view of the demurrer, an expression of opinion as to that would be *obiter.*

Admission of improper evidence is a subject of complaint in the petition for the writ of error, but, as no instance thereof is specified in either the petition or the brief, we are excused from any inquiry as to the propriety of rulings, pertaining to the admission of evidence. *Kay* v. *Glade Creek &c. Co.,* 47 W. Va. 467.

For the error noted, the judgment will be reversed, the verdict set aside and the case remanded, with leave to the plaintiff to amend his declaration.

*Reversed and Remanded.*