## WANT OF PROBABLE CAUSE FOR PROCURING ARREST.

Court of Appeals for Pickaway County.

FRANK S. JENNINGS v. CHARLES SHEPHERD.

Decided, May 28, 1914.

*Malicious Prosecution—Discharge of Accused by Examining Magistrate Prima Facie Evidence of Want of Probable Cause.*

In a suit for malicious prosecution, proof that the defendant filed an affidavit, in a mayor's court, charging the plaintiff with forgery and that, in consequence, he was arrested and imprisoned, and that, on the preliminary hearing, after witnesses were sworn and examined he was discharged, is *prima facie* evidence of want of probable cause

Error to the Court of Common Pleas of Pickaway County.

Plaintiff in error, defendant in the court of common pleas, filed an affidavit, in the mayor's court of Circleville, charging Shepherd with forgery.

The defendant in error was arrested and imprisoned, and after a trial by the mayor, in which witnesses for the state and defendant were examined, he was discharged. He thereupon brought this action for malicious prosecution and recovered a judgment for $400.

*C. A. Leist* and *G. G. Adkins,* for plaintiff in error.
*George W. Morrison* and *Charles Gerhardt,* contra.

SAYRE, J.; WALTERS, J., and JONES, J., concur.

The trial court charged the jury as follows:

"The fact that the mayor discharged the plaintiff because he did not find him guilty of the charge on which he was arrested is *prima facie* evidence that said criminal prosecution and arrest was without probable cause, but it is not conclusive evidence thereof. By *prima facie* evidence it is meant such evidence as creates a presumption that these facts are established by it in the absence of any evidence to the contrary. In other words, it is a sufficient way to establish the disputed facts until they are rebutted or overcome by evidence to the contrary."

It is contended on behalf of plaintiff in error that proof of a discharge by an examining magistrate is not *prima facie* evidence of want of probable cause and that the question has been decided by the case of *John* v. *Bridgman*, 27 O. S., 22-39. But it will be seen that the statement of Judge Whitman, who wrote the opinion in that case, is an *obiter dictum*, because when he used the language that "the mere fact of acquittal and discharge by the magistrate was not enough" to show want of probable cause, he was discussing the question as to whether the plaintiff in the suit for malicious prosecution could show that no evidence was offered, before the magistrate, by the complainant to establish the charge contained in the affidavit. The question as to whether such discharge is *prima facie* evidence of want of probable cause was not one of the assignments of error and did not arise in the case.

Section 13511 provides:

"When the accused is brought before the magistrate and there is no plea of guilty, he shall inquire into the complaint in the presence of said accused. If it appear that an offense has been committed and that there is probable cause to believe the accused guilty he shall order him to enter into a recognizance * * * otherwise he shall discharge him." * * *

By virtue of Section 4542 the mayor of Circleville had the jurisdiction conferred in Section 13511 on a charge of forgery.

Hence, the question inquired into, by the magistrate, and the one he had authority to determine, was the one as to probable cause, and a finding was made that there was no probable cause to believe that Shepherd was guilty of the crime of forgery.

Was this finding *prima facie* evidence of a want of probable cause in this case?

The decisions of courts of last resort on this question are not in harmony. The following is a partial list of those holding that the discharge, by the magistrate, on a preliminary hearing, is *prima facie evidence* of the want of probable cause: *Stubbs* v. *Mulholland et al* (Mo.), 67 S. W., 650, 658; *Jones* v *Finch* (Vir.), 4 S. E., 342; *Brown* v. *Vittur* (Lou. Ann.), 17 So., 193; *Ross* v. *Hixon*, 46 Kan., 550 (26 Am. St., 123); *Smith* v. *Clarke* (Utah), 106 Pac., 653; *Frost* v. *Holland*, 75 Me., 108; *Munns* v.

*Dupont et al,* 1 Am. Lead Cases, 184; *Johnson* v. *Chambers,* 32 N. C., 287; *Vinal* v. *Core, etc.,* 18 W. Va., 42; *Eggett* v. *Allen* (Wis.), 96 N. W., 803; *Barlight* v. *Tammany,* 158 Pa., 545; 28 Atl., 135 (38 Am. St., 853).

The case of *Davis* v. *McMillan* (Mich.), 105 N. W., 862, reviews a number of decisions on the subject and especially those holding that the discharge by the magistrate is not *prima facie* evidence of the want of probable cause, and among them is the case of *Israel* v. *Brooke,* 23 Ill., 577, in which the writer of the opinion undertakes to state the reasons for holding that a discharge, by the magistrate, is not *prima facie* evidence of the want of probable cause, thus:

" * * * How many justices are there in obscure localities who are as little capable of determining what is probable cause for a criminal prosecution as they are of explaining any of the phenomenon of nature? How many do we find prejudiced against a public accuser, how many in sympathy with the accused? The decisions of such an official on intricate questions of law or fact should not weigh against the accused and they do not practically; for, if he is committed, the grand jury pay no attention to the finding of the magistrate. It is not *prima facie* evidence of his guilt, and how preposterous it is to say the discharge of a criminal is *prima facie* evidence of want of probable cause. It is not so and should never be so regarded!"

This line of reasoning, which is quoted in *Davis* v. *McMillan, supra,* with approval, leads to an entirely erroneous conclusion.

Public officers are presumed to do their duty and their acts are presumed to be regular. While courts of general jurisdiction and of review may not indulge these presumptions in all respects as to courts of inferior and limited jurisdiction, yet they will presume that magistrates have intelligence enough to pass upon the questions which they are required to pass upon and that they do act honestly. Where a court of limited and inferior powers has acquired jurisdiction, its acts are presumed to have been rightly and honestly done. The fact that some magistrates may be ignorant and liable to be prejudiced does not overthrow the presumption. When a public officer, charged with the duty of determining a controversy, performs that duty the inference naturally and logically arises that

his determination was just. Hence, since magistrates in our state are charged with the duty of determining the question of probable cause in criminal cases, such determination, in the absence of any other evidence, ought to be and is *prima facie* evidence of the fact determined. But this is true only when such magistrate has held a preliminary trial and has heard the evidence produced, because only then can he pass upon the question of probable cause.

The charge of the trial court in this respect was not erroneous.