# CASES

## ARGUED AND DETERMINED

### IN THE

# COURTS of APPEALS of OHIO

## KOCH *v.* POND.

*Evidence—Comment of court in sustaining objection—Not preju-
dicial, although law incorrectly stated—Malicious prose-
cution—Statement of judge in another case concerning
plaintiff as witness, inadmissible—Dismissal or acquittal
as want of probable cause—Defense of good faith or ad-
vice of counsel insufficient, when—Charge to jury consid-
ered in entirety, although parts erroneous.*

1. Comments made by a court in sustaining an objection to
the introduction of testimony will not be held to be preju-
dicial, although they do not correctly state the law, where
the rejected testimony was objectionable.

2. In an action for malicious prosecution the voluntary state-
ment of a judge in another case, made to a third party,
counsel in that case, of the impressions of such judge
relative to a witness, plaintiff in the instant case, is not
admissible under the defense of advice of counsel, it not
being claimed either that the statement was made to de-
fendant in the case at bar, or that the defendant made a
full and fair disclosure to the judge or sought his advice.

3. The general charge to the jury should be taken as a whole,
and if, as such, it fairly states the law, the fact that
some parts of the charge, if standing alone, would be er-
roneous, will not be considered reversible error.

4. Dismissal or acquittal makes a *prima facie* case of want of
probable cause, in an action for malicious prosecution.

[1] Appeal and Error, 4 C. J. § 2557; [2] Malicious Prose-
cution, 38 C. J. § 176 (Anno.); [3] Trial, 38 Cyc. pp. 1778,
1779; [4] Malicious Prosecution, 38 C. J. § 156 (Anno.); [5]
Id., 38 C. J. § 79.

5. In order for a defendant to avail himself of the defense
   of good faith and advice of counsel, in an action for mali-
   cious prosecution, it is not sufficient that he, without
   knowledge of the necessary facts, goes to counsel and
   states what facts he knows, but he must have made a
   full and fair statement to the attorney after making a
   reasonable effort to ascertain the truth in good faith.

(Decided January 7, 1924.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Dinsmore, Shohl & Sawyer; Mr. Eugene Adler* and *Mr. Sidney Adler,* for plaintiff in error.
*Mr. Samuel Rotter* and *Mr. D. T. Hackett,* for defendant in error.

HAMILTON, J. The action below, brought by Edward W. Pond, was for malicious prosecution, based upon an affidavit charging plaintiff below with perjury. The trial of the case resulted in a verdict and judgment in favor of the plaintiff in the sum of $5,800. This proceeding in error is prosecuted to reverse that judgment.

It appears from the record that Pond, plaintiff below, had been in the employ of Koch, defendant· below, who was engaged in the real estate business. A civil suit in the municipal court grew out of this employment, in which Pond sued Koch on a claim for commission in a certain realty deal. In that suit, Koch filed a cross-petition, asking for a commission involving another transaction.

The affidavit for arrest, out of which this case grew, charged Pond with committing perjury in the former action.

The criminal charge of perjury was fully heard

on the evidence by the examining court, and the court found the evidence insufficient to sustain the charge, and Pond was dismissed.

The answer in this suit brought by Pond for malicious prosecution denies the averments of the petition, and, in addition, pleads advice of counsel.

The weight of the evidence is not here argued, except as bearing upon the question of the amount of the verdict, which we will mention later.

There are several questions, however, raised in the petition in error, and discussed in the brief of plaintiff in error, upon which a reversal is asked.

The first specification of error is the admission and exclusion of evidence.

The plaintiff in error Koch was on the stand giving testimony. The following questions were asked by counsel for Koch:

"Q. Were you present at any time at a conversation between Judge Eyrich, yourself and Mr. Rotter? A. Yes, sir.

"Q. Can you recall when that was, with reference to the ninth day of September? How long before that? A. It was the day after Labor Day. * * *

"Q. What took place at that time? A. Judge Eyrich told Mr. Rotter, he said 'Sam —' (Counsel for plaintiff objected. The court sustained the objection. Exception was taken by counsel for defendant)."

Counsel for defendant Koch then made the following proffer:

"If permitted to answer the witness would say that Judge Eyrich said to counsel that he would give the defendant Pond until Saturday to apol-

ogize to the court for his false testimony given in the action with reference to the one hundred and thirty-five dollars for commission.''

It is argued that the court in sustaining the objection made comments which were not the law.

If the court in his comments was wrong as to his view of the law, if the question was objectionable the fact that the court sustained the objection for a wrong reason would work no prejudice.

One of the defenses to the action was advice of counsel. Under what theory the statement of a judge in another case to counsel, not claimed to have been made to defendant in this action, would be admissible, we are unable to see. It is not claimed that Koch sought the advice of Judge Eyrich. It is not claimed that Judge Eyrich gave defendant advice as to the filing of the charge of perjury. The tender is only to the point that Judge Eyrich was demanding an apology from Pond. The cases are to the effect that the advice of a magistrate may be followed after a full and fair disclosure to him, if he be an attorney at law. Koch made no statement to Judge Eyrich; neither did he seek his advice as to the advisability of filing the affidavit charging perjury. The matter resolves itself into the proposition of permitting a witness to testify with reference to something that was said to him by another person, which would be hearsay testimony.

In the case of *White* v. *Tucker*, 16 Ohio St., 468, relied upon by counsel in the brief, the court says, page 470:

''The fact that he made a full statement of the transaction to the magistrate, to obtain his views

of the guilt of the party to be charged in the prosecution, before making the affidavit, tends to show that he proceeded, if not from a sense of duty only, with some degree, at least, of conviction of the truth of the charge preferred."

A different situation in the case under consideration is presented.

The evidence was properly excluded.

In this connection Judge Eyrich was called as a witness and was interrogated as to what was said and done by him at the time of the civil trial in the municipal court, out of which the charge grew. A part of this testimony was excluded, and a like tender was made as above stated with reference to Koch's testimony. In other words, the court did not permit Judge Eyrich to give testimony as to what he advised others than the plaintiff in error here in the matter. The same objection exists here as in the case of the giving of the testimony by Koch. Advice of counsel being a defense in the case, undoubtedly had defendant sought advice from the witness, he would have been permitted to testify as to the advice given as bearing on the question of malice and probable cause. The voluntary statement of the court to a third person, although such third person may be of counsel, of the impressions of the truthfulness of the testimony, cannot be admitted under the defense of advice of counsel.

While there are some authorities holding that in an action for malicious prosecution, the defendant may testify as to communications made to him by third persons, as tending to show that he had reasonable grounds for believing that plaint-

iff was guilty of the offense charged, the evidence sought to be introduced here was not communications made to him by third persons, but communications made between other persons than himself. Furthermore, had the evidence complained of been admissible, there is no prejudice in its exclusion, for the reason that all that was claimed Eyrich said and did appears in the record, in the testimony on cross-examination of Mr. Pichel, who prosecuted the perjury case as assistant city solicitor. That testimony covered all that was claimed for the testimony excluded.

Had the evidence complained against been admitted, it would have been but cumulative.

We find no prejudicial error in the exclusion and admission of testimony.

Complaint is also made of the line of testimony permitted with reference to the marital difficulties of the defendant, Koch. The defendant, Koch, on cross-examination was interrogated as to his marital relations, and was permitted to answer over the objection of his counsel. The record shows, however, that the witness, Koch, in the face of the objection of his counsel, remarked: "I, personally, have no objection." It was cross-examination. Wide latitude is permitted within the discretion of the trial court. Considering the waiving of the objection by the witness, the defendant in the case, and the discretion of the trial court, we find no error in this examination.

We come now to the complaint of error in the general charge of the court to the jury.

It appears that the trial court, after stating the pleadings in substance to the jury, was somewhat

confused as to whether or not the action was one for false imprisonment or malicious prosecution.

Complaint is against the following paragraph in the outset of the charge:

"When the fact of the arrest and imprisonment is established, and his discharge without punishment is likewise established, the plaintiff has established a presumption in his favor, a presumption of mixed fact and law, that such imprisonment was unlawful, and that is sufficient to constitute what may be termed a *prima facie* case, which satisfies the burden of proof which rests upon the plaintiff in that regard. Therefore, if he has established, by a preponderance of the evidence, that defendant maliciously caused a warrant charging him with swearing falsely that he received no commission to be issued, and that on that warrant he was arrested and taken to the police department and detained until he could give bond, he had made a *prima facie* case of unlawful imprisonment."

It is claimed, first, that the use of the term "unlawful imprisonment" was confusing, since this was an action for malicious prosecution; and, second, that his discharge and acquittal did not make a *prima facie* case.

While this part of the charge is subject to criticism, yet when we take the general charge as a whole and note the emphasis which the court places in several parts of the charge as to the burden being on the plaintiff to prove want of probable cause and that the defendant was actuated by malice, we do not believe the jury were misled by that part of the charge complained against.

In this connection, the court charged the jury as follows:

"On the other hand, the defendant claims he was justified by taking the advice of counsel and that he acted in good faith upon that advice, after telling counsel all the facts in the case. The law in that regard, ladies and gentlemen, is that plaintiff has also to prove that there was no probable cause or reasonable cause for the prosecution, and the defendant was actuated by malice; and unless it appears that defendant was actuated by malice in his charge against plaintiff, this action cannot be maintained, though there is an affidavit for the warrant, and arrest and imprisonment.

"But if you are satisfied from all the facts proved in the case that notwithstanding the advice of the attorney, there was a malicious intention on the part of the defendant to injure the plaintiff, or that there was an unreasonable and reckless disregard of his rights by him, or, that the true facts were not stated to the attorney, or that there was no honest belief entertained by him in the existence of a cause for the prosecution, and no *bona fide* reliance upon the advice of the attorney, but that it was sought merely as a cloak to do the plaintiff a wrong you should not conclude that the charge of malice has been negatived or disproved, nor should you, in that case consider it as mitigating damages.

"If you find there was reasonable cause for the arrest and prosecution, you will return a verdict for the defendant. Your verdict will also be for him if you find that his action was not actuated by malice. Malice is a term used to characterize

reckless or wanton disregard of the rights of another. Its use in law is to express an act done without any sufficient reason or without any lawful excuse where the act proves to be wrong in itself.''

The rule is, the general charge should be taken as a whole, and, if, as such, it fairly states the law, the fact that some parts of the charge, if standing alone, would be erroneous, will not be considered reversible error.

It is urged that the statement in the general charge, that the discharge and acquittal are sufficient to constitute a *prima facie* case of unlawful imprisonment, is a wrong statement of the law. The law is that discharge and acquittal do make a *prima facie* case of want of probable cause, and had the charge omitted to state the necessity of proving malice, the charge would have been fatal; but, as above stated, the court charged fully and properly on the necessity of proving malice.

There are some other errors claimed in the charge of a technical character, which we do not consider prejudicial. Illustrative of this we find objection to the following in the charge:

''Should you conclude that the defendant in beginning and conducting the criminal prosecution against the plaintiff was swayed by actual malice in contradiction from legal malice, then, computing the damages, you may give what in law are called exemplary or punitive damages, or what is sometimes called 'smart money.' ''

It is claimed that the jury could not tell from the charge the distinction the court sought to make between legal malice and actual malice. But, since the court charged that only in the case of actual

malice could there be an award for punitive damages, we see no prejudice in the court's interjecting in this proposition the term "legal malice."

Objection is made to the refusal to give special charges 1, 2 and 4, requested before argument. Charge No. 1 is as follows:

"The jury is instructed that the burden is on the plaintiff to show want of probable cause, because the presumption of law is that every prosecution is founded upon probable cause and is instituted for the purpose of justice only. That presumption must be overcome by the plaintiff, and the mere fact of the dismissal of the action by the police court, or the acquittal, is not enough to overcome the presumption. Other evidence is necessary to show want of probable cause."

The trouble with this charge is that it is in conflict with the general rule. The rule is that dismissal or acquittal makes a *prima facie* case of want of probable cause. This charge in effect would be to charge the jury that the acquittal or dismissal was not *prima facie* proof of want of probable cause. The rule is laid down in the case of *Jennings* v. *Shepherd,* 3 Ohio App., 204:

"In a suit for malicious prosecution, proof that the defendant filed an affidavit, in a mayor's court, charging the plaintiff with forgery and that, in consequence, he was arrested and imprisoned, and that, on the preliminary hearing, after witnesses were sworn and examined, he was discharged, is *prima facie* evidence of want of probable cause."

Charge No. 1, requested, would have nullified this rule, and was properly refused.

Special charges 2 and 4 bear on the question of

good faith and advice of counsel. These charges were properly refused. The vice in these charges is that they only contain the statement that a full and fair statement of all the facts *known to him,* without any statement. as to his having made a reasonable investigation, or having made any investigation to ascertain the facts. We do not understand the law to be that a person, without knowledge of the necessary facts, may go to his counsel, and state all the facts that *he knows,* and be protected against suit for malicious prosecution. The special charge requested should have contained some statement as to his reasonable effort to ascertain the truth in good faith, and after doing so of having made a full and fair statement to the attorney, in order to avail himself of the protection of the advice of counsel.

This brings us to the consideration of the claim that the judgment and verdict are excessive. We have studied the record, with special reference to the amount of damages shown, and have considered the evidence on the question of punitive damages. We are of opinion that the evidence will not support the amount of the judgment, but will support a judgment of four thousand ($4,000) dollars.

If the defendant in error will consent to a remittitur of all in excess of four thousand dollars, the judgment will be affirmed; otherwise it will be reversed on the weight of the evidence.

*Judgment accordingly.*

CUSHING and BUCHWALTER, JJ., concur.