OPINION
Appellant, David H. Jackman, as attorney and executor of the estate of Daniel J. Daily, appeals the decision of Madison County Court of Common Pleas, Probate Division, calculating attorney fees payable to appellant.
Daily died on February 13, 1997. In his last will and testament, Daily named appellee, Linda Ligman, as his sole heir, and appellant as executor of the estate. On March 21, 1997, appellant was appointed to administer the estate. Appellant administered the estate without hiring outside counsel, acting as both executor and attorney.
On November 10, 1998, appellant filed a request for executor and attorney fees. He requested a total fee of $10,665, based upon a $150 hourly fee. The attached invoice included an itemization of appellant's work, but it did not separately itemize whether the various items were done as executor or attorney. Prior to the filing of the request, appellant had paid himself $5,228.51 from the estate.
On December 10, 1998, a hearing was held on appellant's request, and appellant provided testimony concerning the nature of the work included on his invoice. On December 24, 1998, appellant filed a brief in support of his request for attorney and executor fees. In his brief, appellant requested executor fees of $4,796.90 and attorney fees of $6,240, or total fees of $10,936.90.
On February 25, 1999, the probate court filed its journal entry awarding executor and attorney fees. The probate court found that although an attorney may act as both fiduciary and attorney for an estate, such practice is discouraged by the American Bar Association and the Ohio courts due to concerns about conflicts of interests. The probate court found that appellant was precluded from billing as both executor and attorney for performing a single item of work, and that appellant bore the burden of justifying the reasonableness of his time and expense in performing his duties as the estate's attorney.
The court calculated executor fees pursuant to R.C. 2113.35, awarding appellant executor fees of $4,819.97. The probate court addressed each item billed for attorney fees, determining whether the item was performed by appellant as attorney or executor, and if performed as attorney, whether the fee charged was reasonable. The court determined that appellant was entitled to $2,587.50 as reasonable attorney fees. Appellant's combined executor and attorney fees were calculated to be $7,407.47. Because appellant had already paid himself $5,228.51 from the estate, the probate court ordered that he be paid the remaining $2,178.96.
On March 3, 1999, appellant filed a request for findings of fact and conclusions of law pursuant to Civ.R.52. On March 8, 1999, the probate court denied the request, ruling that all applicable facts and law were set forth in its February 25, 1999 judgment entry. On March 10, 1999, appellant filed a motion for new trial, offering to provide further evidence to justify his requested fees. On March 23, 1999, the probate court denied the motion, finding that appellant had been given ample opportunity to provide evidence at the earlier hearing, and that appellant had been given further opportunity to argue his position in his post-hearing brief. Appellant appeals, raising a single assignment of error:
 THE JUDGMENT OF THE TRIAL COURT IN DENYING ATTORNEY FEES FOR LEGAL SERVICES RENDERED ON BEHALF OF THE ESTATE WITHOUT CONSIDERATION OF EVIDENCE PRESENTED AND REFUSING OFFERED TESTIMONY CONSTITUTES AN ABUSE OF DISCRETION, IS UNREASONABLE, ARBITRARY AND UNCONSCIONABLE AND ALSO REFLECTS EXTREME BIAS.
In his sole assignment of error, appellant contends that the probate court abused its discretion by disallowing the majority of his requested attorney fees. Appellant asserts that the probate court limited his testimony at the hearing, and ignored the substance of the work appellant performed on behalf of the estate.
The payment of reasonable attorney fees lies within the sound discretion of the probate court. In re Estate of Fugate (1993),86 Ohio App.3d 293, 298, citing In re Keller (1989), 65 Ohio App.3d 650. An abuse of discretion will be found where the probate court's decision is not supported by the record or is contrary to law.Id. at 655. Thus, the decision of the probate court must be based upon the actual services performed by the attorney and upon the reasonable value of those services. Id.
In cases before the probate court, the means for the payment of reasonable attorney fees is provided by R.C. 2113.36:
 When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of the administration. The court may at any time during the administration fix the amount of such fees and, on application of the executor or administrator or the attorney, shall fix the amount thereof.
When an attorney is hired by an executor to work on behalf of an estate, or where an attorney acts as executor and attorney on behalf of an estate, it must be determined what work was performed as legal services and what work concerned non-legal matters which would not necessarily require the expertise of an attorney. SeeIn re Estate of Secoy (1984), 19 Ohio App.3d 269. The duties of an executor, as separate from those of attorney, are numerous:
 investigation in such capacity as to the identity of the beneficiaries; the nature and extent of the assets; arrangements for appraisals leading to the preparation and filing of the inventory and appraisement; the determination and payment of inheritance and other taxes; the filing of schedule of debts; the determination and allowance of claims against the estate; the transfer of real estate; the sale of personal property or its distribution in kind; the setting up and maintaining accounts showing the receipt of money and assets, and payment of bills, expenses and distribution; the filing with the Court of an accounting of his administration; and the conferences with interested third parties which arise from the very nature of his duties.
 In re Haggerty (P.C. 1954), 70 Ohio Law. Abs. 463, 468-469.
Many of the duties of an executor may be facilitated by or require the services of an attorney. The practice of an executor also acting as the estate's attorney is discouraged, except in those cases where, due to a familiarity between the estate and the attorney, such as where the attorney is a close friend or family member, the relationship would provide a "useful service." Estate of Secoy, 19 Ohio App. 3
d at 271. Where the executor also acts as attorney, the executor is entitled to reasonable compensation for legal services performed.Id. The burden is upon the attorney to introduce into the record sufficient evidence of the services to justify reasonable fees in the amount sought or awarded. In re Verbeck (1962),173 Ohio St. 557, 559.
The probate court may not make a determination of reasonable attorney fees based solely upon the case file or local court guidelines, but must take evidence and judge the value of the work performed by the attorney. Id. "Reasonable" fees
 must be reasonable both from the standpoint of the attorney rendering the services and from the standpoint of the estate out of which the payment is being made. The ultimate determination of reasonableness must take into consideration all of the factors relating to reasonableness of the fees in the particular case. The facts and circumstances vary so much from case to case that it is impossible to set forth an iron-clad rule other than that reasonable value must be substantiated by the evidence in the case.
 Estate of Love, 1 Ohio App.2d at 578-579. In determining whether requested or awarded attorney fees are reasonable, the court should also look to the guidelines set forth in DR 2-106:
 (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
 (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
 (3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
 (5) The time limitations imposed by the client or by the circumstances.
 (6) The nature and length of the professional relationship with the client.
 (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
 In the present case, the probate court calculated appellant's executor fees in accordance with R.C. 2113.35, and appellant does not challenge this award. For those items billed as attorney services, the probate court accepted appellant's $150 per hour fee, but judged each item to determine if the fee charged was reasonable in light of the work performed. The probate court awarded appellant only a portion of the attorney fees he sought.
The record generally supports the probate court's judgment. At the hearing, the probate court inquired whether the work was for executor or legal services, and appellant answered accordingly. Appellant attempted to provide more extensive evidence concerning his services only occasionally, but he never questioned the probate court's apparent lack of interest in the extent of appellant's legal services. Only after the probate court's entry was filed did appellant offer to justify his requested fees by providing more detailed evidence of his services. To the extent that the probate court did not inquire in depth into the details of appellant's services and appellant did not provide support for his fees, appellant has waived any claimed error.
The probate court did not abuse its discretion by limiting the award of attorney fees. Appellant testified that a number of the items billed were for services he performed as executor. The probate court examined the remaining items, finding some to be reasonably billed and others to be excessive. Those items which were determined to have been billed excessively were reduced to an amount reasonably related to the work done. The probate court set forth the reasons underlying its judgment as to each item, and we cannot say that the probate court acted arbitrarily.
We must note, though, that the probate court incorrectly disallowed one billed item. The probate court found that appellant had prepared one auditor's release on February 18, 1997, and billed $225, or one and one-half hours, for the preparation of this document. The probate court found that this was an excessive time in which to prepare one document, and allowed only $75, or one-half hour. In fact, appellant testified at the hearing, and submitted an affidavit attesting, that he had prepared four such releases and accompanying documents. The probate court was incorrect in finding appellant had prepared only one document and erred in disallowing this item. Pursuant to App.R. 12 (B), we find that this item should be approved and added to the attorney fees granted.
Appellant should be granted an additional $150 in attorney fees for the preparation of the auditor's releases. In all other respects, the probate court's judgment does not demonstrate an abuse of discretion. Accordingly, appellant's assignment of error is overruled except as indicated above.
Judgment affirmed as modified.
POWELL, P.J., and VALEN, J., concur.